COMMERCIAL UNION INSURANCE
COMPANY, Appellant,

v.

Charles J. DELANEY and William G.
Harrison, Appellees.

Supreme Court of Kentucky.

Feb. 18, 1977.

Rehearing Denied June 10, 1977.

C. Alex Rose, Curtis & Rose, Louisville,
for appellant.

F. Chris Gorman, Kenneth H. Baker,
Louisville, for appellee, Charles J. Delaney.

William A. Johnson, Taylorsville, Frank
Yates, Jr., Louisville, for appellee, William
G. Harrison.

LUKOWSKY, Justice.

The question presented is whether an
automobile liability insurer may contractu-
ally exclude a truck owned by the Common-
wealth from the definition of "uninsured
automobile" in a policy issued pursuant to
the provisions of KRS 304.20–020. We an-
swer the question in the affirmative.

Delaney suffered bodily injuries when the
automobile he was driving collided with a
truck owned by the Commonwealth. The
truck was being driven by Harrison. It is
not disputed that Harrison's negligence
caused the collision nor that he was acting
within the scope of his employment by the
Commonwealth. When Delaney discovered
that Harrison did not have liability cover-
age he joined Commercial Union as a party
defendant. Commercial Union was the
automobile liability insurance carrier for
both Delaney and his employer who was the
owner of the automobile that Delaney was
driving.

Commercial Union moved for a summary
judgment dismissing Delaney's claim be-
cause the uninsured motorist provisions of
its policies provided:

"The term, 'uninsured automobile' shall
not include: . . .

(3) An automobile or trailer owned by the
United States of America, Canada, a
state, a political subdivision of any such
government, or an agency of any of the
foregoing."

The trial judge granted the motion and
entered an appropriate summary judgment.
The trial judge retired from active service
and his successor set aside the summary
judgment. Commercial Union appeals.

Delaney's position is that KRS 304.20–020
requires uninsured motorist coverage for
the protection of persons insured under the
liability policy who are legally entitled to
recover damages from owners or operators
of uninsured motor vehicles because of bod-
ily injury and that the carrier may not

restrict its obligation to furnish the broad, undefined coverage required by statute by definitions, limitations, terms and conditions in the contract. He relies on *Higgins v. Nationwide Mutual Insurance Co.,* 291 Ala. 462, 282 So.2d 301 (1973) which declared void, as against public policy and legislative intent, an identical exclusion under a statute identical to KRS 304.20–020(1). If our statute consisted, as does Alabama's, of no more than subsection (1) and if we had not decided *Allen v. West American Insurance Company,* Ky., 467 S.W.2d 123 (1971), we might find his argument more persuasive.

In answering the question presented we cannot help but notice the opening words of KRS 304.20–020(2) which are:

"For the purpose of this coverage (uninsured motorist) the term 'uninsured motor vehicle' shall, *subject to the terms and conditions of such coverage,* be deemed to include . . .." (Emphasis supplied).

In *Allen,* supra, we said:

"In using the italicized language, the Legislature recognized that there would be 'terms and conditions of such coverage' to which the statute's application would be subject. . . . If the solons had intended that the UM provisions should become applicable . . . regardless of the policy provisions, it is difficult to discern why the words 'subject to the terms and conditions of such coverage' were employed. What terms and what conditions are permissible?"

In adopting uninsured motorist coverage the Legislature did not specify what exclusions would be either valid or invalid. Had it so desired, the General Assembly easily could have included a list. Its failure to do so affords basis for the construction that the statute does not invalidate all exclusions but only those which are unreasonable.

The question then becomes whether the exclusion of government owned vehicles is reasonable. In *Allen,* supra, we upheld the household exclusion on the basis that it was reasonable to eliminate "overly friendly" lawsuits. See *Orange v. State Farm Mutu-*

*al Insurance Co.,* Ky., 443 S.W.2d 650 (1969). Taking into consideration the existence of the Federal Tort Claims Act, our Board of Claims Act and the abandonment of the doctrine of governmental immunity as it applies to municipal corporations, we are of the opinion that it is equally reasonable to leave a person in Delaney's situation to seek direct compensation from the governmental entity involved rather than from his uninsured motorist carrier, even though that relief might not provide for trial by jury or damages as at common law.

If the doctrine of sovereign immunity was applicable or if Harrison was a thief or an unauthorized interloper or operating the truck without the scope of his employment another result might well be mandated. *Downey v. MVAIC,* 43 A.D.2d 168, 350 N.Y. S.2d 821, 829 (1973). But that is not this case.

Our view of the case is further fortified by the fact that in 1970 when the General Assembly passed KRS 304.20–020 and referred to "terms and conditions" the Standard Family Combination Automobile Policy, 1963, Revised, Part IV, Definitions, contained the exact exclusion that is in issue here. It is not unfair to assume that the Legislature knew of the terms of the standard policy and deliberately chose not to write them out of Kentucky contracts.

No doubt the underwriters fixed rates for the coverage based upon the exclusion and neither Delaney nor his employer paid for coverage beyond the exclusion. There is no claim that these policies are contracts of adhesion. Presumably persons who desire to be insured against possible injury from negligently operated governmental vehicles can obtain such coverage by paying a higher premium.

The judgment is reversed with directions to reenter the original summary judgment.

All concur.