STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellant,

v.

Mark CHRISTIAN, an infant seventeen
years of age, who sues by and through
his father and next friend, Drury Wil-
liam Christian, Jr., Appellee.

Supreme Court of Kentucky.

Aug. 19, 1977.

John B. Anderson, Owensboro, for appel-
lant.

John D. Miller, Miller, Taylor & Burlew,
Owensboro, for appellee.

CLAYTON, Justice.

The appellant, State Farm Mutual Auto-
mobile Insurance Company, issued to Drury
William Christian, Jr., two separate auto-
mobile policies, one declaring to insure a
1963 Ford and the other a 1966 Oldsmobile.
The coverages afforded by the Oldsmobile
policy included protection against damages
caused by uninsured motorists to the extent
of $10,000 and medical payments coverage
to the extent of $1,000. The Ford policy
similarly contained uninsured motorist cov-
erage to the extent of $10,000 but lacked
medical payments coverage. The uninsured
motorist provisions of both policies excluded
from coverage any bodily injury to an in-
sured sustained while occupying or through
being struck by a land motor vehicle owned
by the named insured or any resident of the
same household if such vehicle is not an
"owned motor vehicle" (Ford policy) or an
"insured automobile" (Oldsmobile policy).
The Ford policy defined "owned motor vehi-
cle" to mean the motor vehicle described in
the policy's declarations. "Insured automo-
bile" was defined in the Oldsmobile policy
to mean "(1) an owned automobile, provid-
ing the use thereof is by such first named
insured or spouse or any other person to
whom such first named insured or spouse
has given permission to use such automo-
bile, if the use is within the scope of such
permission, or (2) an automobile not owned

by the named insured or any resident of the same household, other than a temporary substitute automobile, while being operated by such first named insured or spouse." Both policies defined "automobile" to mean a "four wheel land motor vehicle designed for use principally upon public roads."

Mark Christian, the 17-year-old son of the named insured of these policies, lived in the household of the named insured and so, under the policies' omnibus clauses, was a person insured by them. On August 12, 1973, he was operating his motorcycle on a city street in Owensboro and was struck by a car driven by an uninsured motorist. Consequential to this accident, the youth's left leg was required to be amputated just below the knee. Suit was brought on his behalf by his father pursuant to Civil Rule 17.03, seeking to recover damages from the uninsured motorist and from the appellant under the uninsured motorist and medical payment provisions of the two policies. Among the defenses relied upon by the appellant in its answer was that the motorcycle involved in the accident was not an "insured automobile" or an "owned motor vehicle" as those terms are defined for purposes of the policies' uninsured motorist coverage and so was excluded from such coverage. It was further alleged that since the motorcycle was not a vehicle described in the declarations of the Oldsmobile policy, the medical payments provision of that policy was not applicable. After establishing through a request for admissions that the motorcycle was a two-wheel, rather than a four-wheel, land motor vehicle; that the Christians had given no notice to the appellant of Mark's acquiring the motorcycle prior to the accident; and that the motorcycle was not described in the declarations of either of the two insurance contracts, the appellant moved for a summary judgment. The appellee filed a written response to this motion, similarly moving for a summary judgment on his claim as to the issue of insurance coverage. The trial court ruled in the appellee's favor, concluding as a matter of law that the motorcycle had been afforded insurance protection by the policies and ordering that should a judgment be granted against the uninsured motorist, the appellant would be liable on the two policies. The case proceeded to trial, resulting in a jury verdict in favor of the appellee, and the court ordered the appellant liable for $21,000 under the policies. Thus, this appeal, requiring that we determine whether the trial court's determining the motorcycle covered by the policies as a matter of law was in error and, if so, whether the exclusion of the motorcycle from this coverage is consistent with Kentucky's uninsured motorist statute, KRS 304.20–020.

As we view the first matter for consideration in this case, it is a purely contractual issue between the insurer and its insured which we cannot disturb under the guise of interpretation. The insurer under the policies in the present case promises to provide the enumerated coverages ". . . in reliance upon the statements in the declarations and subject to all the terms of . . . ." the policies. Turning to the declarations of the policies, we find there to be no mention of the motorcycle involved in this accident. The policies by their terms exclude from uninsured motorist coverage anything but four-wheel land motor vehicles designed for use principally upon public roads, thus eliminating from such coverage here the motorcycle admitted by the appellee to be a two-wheel vehicle. We thus have little difficulty in concluding the trial court's ruling the motorcycle covered by the policies of insurance in this case as a matter of law was in error. Having reached this conclusion, we may now proceed to a consideration of whether the exclusion of the motorcycle from coverage is contrary to the intent of our uninsured motorist statute.

We have noted on several past occasions that in enacting KRS 304.20–020, the General Assembly did not presume to write an uninsured motorist policy, but merely gave a general outline of the coverage required, the legislature recognizing that the limits and terms of the statute's general outline of required coverage would of necessity be specifically defined by reasonable "terms and conditions" in the various insurance contracts. *Allen v. West American Ins. Co.*, Ky., 467 S.W.2d 123

(1971); *Commercial Union Ins. Co. v. Delaney,* Ky., 550 S.W.2d 499 (1977); see also *Jett v. John Doe,* Ky.; 551 S.W.2d 221 (1977). Reasonable exclusions fall within the "terms and conditions" to which the statute's application is subject. *Preferred Risk Mut. Ins. Co. v. Oliver,* Ky., 551 S.W.2d 574 (1977). Thus, the question becomes one of whether the exclusion of the motorcycle from coverage is reasonable, an issue we recently determined in *Preferred Risk Mut. Ins. Co. v. Oliver, supra.* In that case we said:

> "It is common knowledge that motorcycle riders, as a class, are among the highest risk groups conceivable. Motorcycles offer no protection whatsoever from the front, back, sides or top, and leave the rider exposed to every peril of highway travel. The exclusion of such a class from coverage is clearly reasonable where, as here, the assured has the option of avoiding the excluded peril. An assured has no choice in selecting those uninsured motorists who may injure him, but he certainly does elect to ride a motorcycle. This volitional act triggers the exclusion and he accepts the consequences."

The judgment is reversed with directions that a new one be entered absolving the insurer from liability.

All concur.