MFA INSURANCE COMPANIES,
Movant,

v.

Richard WHITLOCK and Judy Whitlock,
his wife, Respondents.

Supreme Court of Kentucky.

Sept. 19, 1978.

Ben L. Kessinger, Jr., Ralph F. Kessinger, Harbison, Kessinger, Lisle & Bush, Lexington, for movant.

Harlan H. Veal, Jr., Nicholasville, for respondents.

CLAYTON, Justice.

Is a clause in an automobile insurance policy valid which excludes from uninsured motorist coverage accidents arising out of the use of vehicles owned by an insured other than the automobile described in the liability portion of the policy? That is the question confronting us in this case, a question which we answer in the affirmative.

On March 29, 1972, Richard and Judy Whitlock were struck head-on by a pickup truck driven by Richard Redman, who was traveling on the wrong side of the New Circle Road in Lexington. Both the car in which the Whitlocks were riding, a 1962 Chevrolet owned by Judy, and Redman's truck were uninsured. Unable to collect damages from Redman—Richard was awarded $5,258 and Judy $27,400 in damages in a suit filed in Fayette Circuit Court—the Whitlocks sued MFA, alleging liability under the uninsured motorist endorsement accompanying a liability policy carried by Richard on his 1966 Ford. That endorsement, in limits of $10,000 per person and $20,000 per accident, is in pertinent part as follows:

1. Coverage E—Uninsured Motorists (Damages for Bodily Injury)—The Company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle . . .

2. Definitions—With respect to the insurance offered under Coverage E, the following additional definitions apply:

'insured' means:

(a) the named insured, his spouse, and any relative;

(b) any other person while occupying an insured automobile;

. . . . .

'insured automobile' means:

(a) the described automobile;

(b) a non-owned automobile while being operated by the named insured

. . . .

Because the Whitlocks were riding in Judy's Chevrolet at the time of the accident, however, the circuit court sustained MFA's motion for summary judgment and dismissed the case on the basis of an exclusion also contained in the policy:

Coverage E does not apply:

(a) To bodily injury to an insured while occupying a highway vehicle (other than an insured automobile) owned by the named insured, his spouse, or a relative, or through being struck by such a highway vehicle; . . . .

On appeal, the Court of Appeals overturned the judgment of the circuit court in an opinion rendered April 8, 1977. Noting that KRS 304.20–020(1) states that uninsured motorist coverage is to be provided in this state "for the protection of persons . . . entitled to recover damages from owners or operators of uninsured motor vehicles," the court deduced that "the statute contemplates insurance against an uninsured tortfeasor operating a motor vehicle regardless of where he finds his victim" and that the aforementioned exclusion is accordingly invalid. We granted discretionary review on March 7 of this year to consider the issue raised. We reverse.

It should be noted from the outset that despite the Whitlocks' protestations to the contrary, this is not the first time this court has considered an exclusion of the type before us today. On August 19, 1977, some two months before the Court of Appeals denied a petition by MFA for a rehearing in that court, we decided *State Farm Mutual Automobile Insurance Co. v. Christian,* Ky., 555 S.W.2d 571, in which we upheld the

validity of an exclusion virtually identical to the one in question in this case. Inasmuch as *Christian* involved two different policies with two different exclusions (the exclusion relevant for our purposes being that contained in the "Ford" policy) and there may have been some confusion in distinguishing between them, however, it might be helpful to review the exclusion once more.

■ It should be obvious by now that so long as our uninsured motorist statute, KRS 304.20–020, remains in its present form, the only question which must be answered in determining the validity of any particular exclusion is whether the exclusion is a reasonable one. For even if it be true, as the Whitlocks argue, that the phrase "subject to the terms and conditions of such coverage" contained in subsection (2) of the statute [1] does nothing more than allow insurers leeway in defining what constitutes an "uninsured motor vehicle," we think the failure of the remainder of the statute to mention exclusions one way or the other "affords basis for the construction that the statute does not invalidate all exclusions but only those which are unreasonable." *Commercial Union Insurance Co. v. Delaney,* Ky., 550 S.W.2d 499, 500 (1977).

■ In the case at bar, the policy under which the Whitlocks seek to recover specifically excludes from coverage accidents arising out of the use of any vehicle owned by Richard, Judy or their relatives, other than Richard's 1966 Ford. Because the Whitlocks were occupying Judy's Chevrolet at the time of the accident, therefore, they were not covered under the policy, and the judgment of the circuit court dismissing the case against MFA should have been affirmed.

The judgment of the Court of Appeals is reversed, and the cause is remanded for proceedings consistent with this opinion.

All concur.

---

1. KRS 304.20–020(2) begins by providing that "[f]or the purpose of this coverage the term 'uninsured motor vehicle' shall, subject to the terms and conditions of such coverage, be deemed to include . . . ."