**SAFECO INSURANCE COMPANY OF AMERICA, Movant,**

v.

**Glenn HUBBARD, Administrator of the Estate of Douglas Brian Hubbard, Respondent.**

Supreme Court of Kentucky.

Feb. 27, 1979.

Richard M. Trautwein, Barnett & Alagia, Gary D. Garrison, Barnett & Alagia, Louisville, for movant.

F. Thomas Conway, Louisville, for respondent.

REED, Justice.

Douglas Brian Hubbard, 21-year-old son of Glenn Hubbard, died as the result of an automobile accident. He was driving his individually owned and registered 1975 Ford. Glenn Hubbard as personal representative of his deceased son sued Safeco Insurance Company to recover under uninsured motorist coverage in the amount of $10,000 and to recover under a medical payments provision the sum of $2,000. All of this insurance was contained in an automobile liability insurance policy issued by Safeco to Douglas Hubbard.

In the trial court the parties stipulated that if a jury should determine that there was in fact physical contact with an alleged hit-and-run driver, judgment should be entered against Safeco for $12,000. A jury so found. Subsequently, however, the trial judge permitted Glenn Hubbard to amend his complaint to assert that Safeco issued two policies to him which he claimed afforded additional uninsured motorist and medical payments protection to his son Douglas in the limits of $10,000 for the uninsured motorist provision and $2,000 for the medical payment provision of each of these policies.

Thereupon the trial court awarded Glenn Hubbard $36,000 against Safeco as damages on all three policies. Safeco paid $12,000 in partial satisfaction and prosecuted an appeal to the Court of Appeals. The Court of Appeals affirmed. We reverse.

It appears that six years before the fatal accident Safeco had cancelled one of its policies to Glenn Hubbard and substituted a single policy which insured both automobiles owned by Glenn. Glenn's policy contained the following exclusion:

"Exclusions: This policy does not apply under this section:
(a) to bodily injury to an insured while occupying an automobile (other than an insured automobile) owned by the named insured or a relative, or through being struck by such automobile; . . .."

An "insured automobile" is defined by the policy to be an "owned automobile" and an "owned automobile" is defined by the policy to mean ". . . an automobile owned by the named insured and described in the policy . . .."

The net effect of this exclusion is to prohibit recovery for accidents arising from the use of an automobile owned by the named insured or a relative but not insured under this policy. It seems to us that the only question which must be answered is whether this is a reasonable exclusion. *Commercial Union Insurance Co. v. Delaney*, Ky., 550 S.W.2d 499, 500 (1977).

In *MFA Insurance Co. v. Whitlock*, Ky., 572 S.W.2d 856 (1978), we held that a clause in an automobile policy excluding from uninsured motorist coverage accidents arising out of the use of vehicles owned by an insured other than the automobile described in the liability portion of the policy was a reasonable exclusion and precluded the insured's recovery from the insurer for injuries sustained while occupying an automobile that was not described in the liability portion of the policy. See also *State Farm Mutual Automobile Insurance Co. v. Christian*, Ky., 555 S.W.2d 571 (1977).

We regard the *Whitlock* case as dispositive. Douglas's estate may recover under his own policy, but since he was killed in his own automobile, which was not described in his father's policy, his estate may not recover additional sums under his father's policy.

The decision of the Court of Appeals and the judgment of the circuit court are reversed, the cause is remanded to the Jefferson Circuit Court for further proceedings consistent with this opinion.

All concur.