STATE FARM FIRE AND CASUALTY COMPANY, Appellant,

v.

Charles L. SHORT, James D. Wright, Riverside Insurance Company of America and Marilyn J. Jackson, Appellees.

Court of Appeals of Kentucky.

Aug. 15, 1980.

Lee E. Sitlinger, Bennett, Bowman, Triplett & Vittitow, Louisville, for appellant.

John L. Harbolt, Hargadon, Lenihan & Harbolt, Louisville, for appellees, Charles L. Short and James D. Wright.

Victor W. Ewen, Ewen, McKenzie & Peden, Louisville, for appellee, Riverside Ins. Co. of America.

Robert E. Webb, Jr., Louisville, for appellee, Marilyn J. Jackson.

Before GANT, HOGGE and WHITE, JJ.

GANT, Judge.

Appellant issued a policy of insurance to appellee Short, covering two vehicles, a 1967 Harley Davidson motorcycle and a 1969 Ford van. Short was struck and injured by an uninsured motorist while operating the motorcycle, the appellant paying him $20,000, comprised of $10,000 in basic reparations benefits and $10,000 in uninsured motorist coverage on his motorcycle. The sole question before us is whether Short was entitled to stack an additional $10,000 in "U" (uninsured motorist) coverage on the 1969 Ford van. The lower court said yes; we reverse.

The applicable sections of the policy are as follows:

Section III—Uninsured Motorist Vehicle Coverage Insuring Agreements.
Exclusions—Section III
This insurance does not apply:
(b) to bodily injury to an insured while occupying or through being struck by a land motor vehicle owned by the named insured or any resident of the same household, if such vehicle is not an owned motor vehicle.

"Owned motor vehicle" was defined as the motor vehicle described in the declaration, both the motorcycle and van being therein described.

The policy went on under "Policy Conditions" to provide:

14. Two or more vehicles. Sections I and II. When two or more vehicles are insured hereunder, the policy shall apply separately to each . . .

Also, under "Limits of Liability" the policy stated:

(d) The inclusion in this policy of more than one vehicle does not increase the limit of liability.

The net effect of these provisions was to provide that Short was covered by "U" coverage to the policy limit of a single $10,000 on each vehicle but that the additional coverage on the van was not available if he was injured while on the motorcycle, and the additional coverage on the motorcycle was not available if he was operating or occupying the van.

It is the opinion of this Court that this case is a natural extension of *MFA Ins. Companies v. Whitlock*, Ky., 572 S.W.2d 856 (1978). Although in that case there were two policies covering the two vehicles, and each policy excluded the coverage of the other, the inclusion of two motor vehicles on a single policy does not alter the basic question of whether the exclusion is "a reasonable one." *Id.* p. 587. The policy in question gives to the insured the required coverage on each vehicle. His separate premium gave him *separate* coverage, not *double* coverage, and we see nothing in the statutes requiring the latter. The exclusion here takes this case out of the category of cases exemplified by *Ohio Cas. Ins. Co. v. Stanfield*, Ky., 581 S.W.2d 555 (1979).

As the court said in *Preferred Risk Mut. Ins. Co. v. Oliver*, Ky., 551 S.W.2d 574, 577 (1977): ". . . the purpose of mandatory uninsured motorist coverage is to provide those who purchase liability insurance with the same protection that they would have if the uninsured motorist had carried the *minimum* limits of liability coverage."

This is what the insured paid for; this is what the company paid him.

The judgment of the Jefferson Circuit Court is reversed.

All concur.