**Betty CHAFFIN, Appellant,**

v.

**KENTUCKY FARM BUREAU INSURANCE COMPANIES, Appellee.**

No. 89–SC–424–TG.

Supreme Court of Kentucky.

April 26, 1990.

Rehearing Denied June 28, 1990.

Eldred E. Adams, Jr., Louisa, for appellant.

Ralph T. McDermott, Ashland, for appellee.

LAMBERT, Justice.

This Court ordered transfer of the case at bar from the Court of Appeals and heard oral argument on the same day as in *Hamilton v. Allstate*, Ky., 789 S.W.2d 751 (rendered April 26, 1990). While these cases differ in some respects, the predominant issue in each is whether an insurance company may enforce an antistacking provision in the uninsured motorist coverage it writes. We have discovered divergent lines of authority on this issue and in this case we will further attempt to harmonize our decisions.

The relevant facts have been stipulated by the parties and are as follows: While driving a motor vehicle which she owned, appellant was injured by an uninsured motorist. Her motor vehicle was insured by appellee and she was also a named insured on two other automobile insurance policies issued by appellee. Each of the three insurance policies provided uninsured motorist coverage of $25,000 and separate premiums were collected and paid for each of the items of uninsured motorist coverage.

While neither party saw fit to file copies of the entire insurance policies with the record of this case, the stipulated facts disclose that appellant's policies contained a provision commonly known as the "other vehicle exclusion" which is as follows:

"A. We do not provide Uninsured Motorist Coverage for bodily injury sustained by any person:

1. While occupying, or when struck, by any motor vehicle owned by you or any family member which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle."

Upon appellant's claim, appellee conceded liability and paid $25,000 pursuant to the uninsured motorist coverage contained in the policy which insured the vehicle appellant was driving. Appellee refused to make any payment pursuant to the uninsured motorist coverage contained in the policies insuring appellant's other vehicles relying upon the exclusion set forth hereinabove.

At the outset we note the existence of some factual differences between *Hamilton v. Allstate, supra,* and this case.

These differences include the language of the policy provision under which antistacking is claimed to be enforceable, the relationship between the claimants and the vehicles in which they were injured, and the existence of a single policy insuring three vehicles in *Hamilton* as opposed to three separate policies, with identical exclusionary provisions, insuring three vehicles in this case. Another significant difference is the clarity with which the exclusionary provisions were written. Unlike *Hamilton,* the exclusionary clause in this case is nearly incapable of rational construction. A compelling argument could be made that such a provision should be stricken for the reason that if fails to reasonably convey the intended message, but we do not decide the case on that basis.

Having noted the differences between this case and *Hamilton,* we now review the similarities. In each case the insurance coverage at issue is uninsured motorist coverage, the availability of which is made mandatory by KRS 304.20–020; a separate premium was paid for the three items of uninsured motorist coverage; the claimant was a named insured and had a reasonable expectation of multiple coverage; and the policy provision at issue had the effect of eliminating all but one item of such coverage.

It is unnecessary to further dwell upon our holding in *Hamilton* except to say that we relied upon the reasoning contained in *Meridian Mutual Ins. Co. v. Siddons,* Ky., 451 S.W.2d 831 (1970), and *Ohio Casualty Ins. Co. v. Stanfield,* Ky., 581 S.W.2d 555 (1979), and concluded that uninsured motorist coverage is personal to the insured; that an insured who pays separate premiums for multiple items of the same coverage has a reasonable expectation that such coverage will be afforded; and that it is contrary to public policy to deprive an insured of purchased coverage, particularly when the offer of such is mandated by statute.

Appellee contends that the "other vehicle exclusion" is one of the few means available to an insurance carrier to prevent collusive suits. It says

"the exclusion is designed to prevent the stacking of the uninsured motorist provisions of two or more policies in a narrowly defined fact situation where collusive lawsuits are thought more likely to occur. The exclusion prevents the stacking of two or more uninsured motorist coverages where one is injured while occupying or struck by a motor vehicle owned by the insured or one of the insured's family members." (Brief for appellee at 1).

Long ago a similar argument was advanced in support of retaining interspousal tort immunity, but in *Brown v. Gosser,* Ky., 262 S.W.2d 480, 484 (1953), this Court abrogated this doctrine. We examined the fraud and collusion argument and concluded that it had little merit.

"The fear that relaxation of the common law rule will open the door to fraudulent and fictitious claims, especially against insurance companies, has less force than the argument of 'domestic peace and felicity.' We are not willing to admit that the courts are so ineffectual, nor our jury system so imperfect, that fraudulent claims cannot be detected and disposed of accordingly.

There is opportunity for fraud in many types of claims which reach the courts, but that does not justify denying the right to maintain those which have merit."

The foregoing rationale applies as forcefully in this case as it did in *Brown* and we see no reason to depart from this view. Moreover, the coverage at issue here is uninsured motorist coverage. In view of Kentucky's compulsory liability insurance statute, the need for such coverage is rare and this produces a greater likelihood of detection in the event of attempted collusion.

Appellee has cited and we have reexamined *Bishop v. Allstate Ins. Co.,* Ky., 623 S.W.2d 865 (1981), and *Staser v. Fulton,* Ky.App., 684 S.W.2d 306 (1984), and find little support for appellee's collusion argument in those decisions. While *Third National Bank of Ashland v. State Farm Mutual Auto. Ins. Co.,* Ky., 334 S.W.2d

261 (1960), does address "over friendly law-suits," this decision is of dubious viability in view of *Bishop v. Allstate* which makes it clear that statutorily mandated coverage may not be invalidated by means of the "household exclusion," the stated purpose of which was to prevent collusion among family members.

█ Further, the other vehicle exclusion relied upon by appellee is so broadly drawn as to obfuscate its purpose in prevention of fraud, if indeed such is its primary purpose. To prevent collusive suits it might be appropriate to narrowly prohibit stacking in those instances when a legitimate probability of collusion exists. However, the exclusion as drafted by appellee prohibits claims in a multitude of circumstances in which collusion is not a reasonable possibility. Certainly nothing in the facts stipulated herein suggests any possibility of collusion. For a narrowly drawn condition upon the availability of uninsured motorist coverage, see *Belcher v. Travelers Indemnity Co.*, Ky., 740 S.W.2d 952 (1987), in which we upheld the physical contact requirement. See also *Commercial Union Ins. Co. v. Delaney*, Ky., 550 S.W.2d 499 (1977), in which we upheld an uninsured motorist exclusion for government-owned vehicles and concluded that such was reasonable due to the availability of other avenues of recovery.

Appellee also relies upon this Court's decisions in *Safeco Ins. Co. v. Hubbard*, Ky., 578 S.W.2d 49 (1979), and *MFA Ins. Cos. v. Whitlock*, Ky., 572 S.W.2d 856 (1978). We have reviewed these opinions and discover that they fail to take account of certain concepts which we believe are too important to ignore. Neither of these decisions considers the personal nature of uninsured motorist coverage or the insured's reasonable expectations with regard to insurance coverage which has been bought and paid for. In short, we believe the court's determination that the exclusions in *Whitlock* and *Hubbard* were reasonable exclusions was erroneous. See *Commercial Union Ins. Co. v. Delaney*, supra.

If appellant had been injured by an uninsured motorist while riding in the vehicle of a friend or while walking across a street, uninsured motorist coverage would have been available from all three of her uninsured motorist polices. *Meridian Mutual Ins. Co. v. Siddons, supra,* and *Ohio Casualty v. Stanfield, supra.* By its own terms, the other vehicle exclusion in appellant's policy would not be applicable to such facts. It was significantly more probable, however, that appellant would be injured by an uninsured motorist while operating or riding as a passenger in her own motor vehicle and indeed, she was injured under just such circumstances. Inasmuch as uninsured motorist coverage "has a number of aspects of accident insurance," it is contrary to the underlying purpose of such coverage to allow recovery upon multiple policies in the extraordinary situation and deny same in the more conventional circumstance. *Meridian Mutual Ins. Co. v. Siddons,* 451 S.W.2d at 834. It is always possible to exclude coverage to such an extent that only in the rarest of circumstances would a claim ever arise. Such, of course, defeats the underlying purpose of insurance. Appellee's argument that such an exclusion is necessary for prevention of fraud is simply insufficient to overcome the other relevant considerations and the exclusion is therefore unreasonable.

█ In conclusion, we return to our decision in *Hamilton v. Allstate, supra,* in which we invalidated a policy provision which prohibited the stacking of coverage associated with other vehicles insured under the same policy. At issue in this case is whether the existence of three insurance policies containing identical provisions which exclude from coverage all but the occupied vehicle is a sufficient distinction to change the result achieved in *Hamilton.* We are unable to discover any significant difference. On the one hand coverage is given and then taken away by a prohibition against combining the limits of two or more insured automobiles, and on the other, coverage is given and then taken away by means of an other vehicle exclusion. In each instance the coverage bought, paid for and reasonably expected is illusory. Such

is contrary to the public policy of Kentucky.

The decision of the Court of Appeals is reversed and this cause remanded to the trial court for further proceedings consistent with this opinion.

COMBS, LEIBSON and VANCE, JJ., concur.

STEPHENS, C.J., dissents by separate opinion.

GANT, J., dissents by separate opinion in which STEPHENS, C.J., and WINTERSHEIMER, J., join.

GANT, Justice, dissenting.

The majority opinion herein properly sets out the facts of the case, and then the opinion totally deteriorates.

This court has ruled on the "other vehicle exclusion" in three cases since 1977, and on all three occasions has upheld the exclusion. *See State Farm Mut. Auto Ins. Co. v. Christian,* Ky., 555 S.W.2d 571 (1977); *MFA Ins. Companies v. Whitlock,* Ky., 572 S.W.2d 856 (1978); *Safeco Ins. Companies of America v. Hubbard,* Ky., 578 S.W.2d 49 (1979).

In those cases, this court unanimously held:

> ... that a clause in an automobile policy excluding from uninsured motorist coverage accidents arising out of the use of vehicles owned by an insured other than the automobile described in the liability portion of the policy was a reasonable exclusion and precluded the insured's recovery from the insurer for injuries sustained while occupying an automobile that was not described in the liability portion of the policy.

The majority opinion overrules these cases out of hand and without explaining, other than the change of personnel on the court, why this has suddenly become an unreasonable exclusion.

STEPHENS, C.J., and WINTERSHEIMER, J., join in this dissent.

STEPHENS, Chief Justice, dissenting.

As I stated in my dissent in *Hamilton v. Allstate,* the uninsured motorist statute does not mandate the result reached here. The movants paid separate premiums, and were entitled to, and could reasonably expect, separate coverage, not double coverage.

The anti-stacking provisions in this policy could certainly have been written with more clarity. Nevertheless, because I would deny stacking in all cases, I dissent.