Cindy HAMILTON and George
Hamilton, Movants,

v.

ALLSTATE INSURANCE
COMPANY, Respondent.

No. 89–SC–278–CL.

Supreme Court of Kentucky.

April 26, 1990.

Rehearing Denied June 28, 1990.

Christopher J. Mehling, Taliaferro and Mann, Covington, for movants.

Thomas R. Yocum, Benjamin, Yocum & Heather, Cincinnati, Ohio, Duane C. Quaini, William T. Barker, Steven M. Levy, Sonnenschein Carlin Nath & Rosenthal, Chicago, Ill., Florie S. Perellis, Allstate Ins. Co., Northbrook, Ill., for respondent.

James T. Gilbert, Coy, Gilbert & Gilbert, Richmond, for amicus curiae, Kentucky Academy of Trial Attorneys.

LAMBERT, Justice.

## CERTIFYING THE LAW

This cause comes before the Court on request for certification of the law from the United States District Court for the Eastern District of Kentucky. CR 76.37. We have been informed that litigation now pending in that Court between Movants and Respondent presents a question of Kentucky law which may be determinative of the cause, and upon which the certifying court found no controlling precedent from this Court or the Court of Appeals. For these reasons we have accepted certification, received the parties' briefs, and heard oral argument.

The question of law certified to us is as follows:

"Are Allstate's (hereinafter Respondent) uninsured motorist policy provisions prohibiting the stacking or aggregation of uninsured motorist coverage limits in an automobile insurance policy insuring multiple vehicles violative of the Kentucky Uninsured Motorist Statute, KRS 304.20–020(1), or any other principal of Kentucky law?"

For a proper understanding of the legal issue presented, it is necessary to state the facts. While riding as a passenger in a motor vehicle being operated by her brother, Gary Bender, Movant Cindy Hamilton sustained injuries as a result of being struck by an uninsured motorist. Her damages are alleged to be in excess of $100,000. Movant's brother had a policy of insurance which paid her $10,000 in basic reparation benefits and $25,000 in uninsured motorist coverage.

At the time of the accident, movants owned a single automobile insurance policy issued by respondent. The policy provided various coverages associated with three motor vehicles and provided three items of uninsured motorist coverage of $25,000. For each of the three items of uninsured motorist coverages, a separate premium was paid by movants and collected by respondent. It has been agreed that movant was covered by the uninsured motorist provisions of her policy; the question is whether the uninsured motorist coverage may be aggregated or stacked, or whether movant is limited to a single recovery of $25,000.

The insurance policy in question is a so-called "plain language" policy. Respondent contends the language employed in the anti-stacking provision is unambiguous and must be enforced as written. The provision relied upon appears on the first and second pages of the policy text and is as follows:

> **"Combining Limits Of Two Or More Autos Prohibited**
>
> .... When **you** have two or more **autos** insured in **your** name and none of them is involved in the accident, **you** may choose any single **auto** shown on the declarations page and the coverage limits applicable to that **auto** will apply."

We agree with respondents that the foregoing policy language is unambiguous but

as will be discussed hereinafter, disagree as to its enforceability.

To resolve the issue presented, we need look no further than this Court's decisions in *Meridian Mutual Ins. Co. v. Siddons*, Ky., 451 S.W.2d 831 (1970), and *Ohio Casualty Ins. Co. v. Stanfield*, Ky., 581 S.W.2d 555 (1979). In *Siddons* two liability insurance policies were found to contain the uninsured motorist coverage required by statute. Relying on the applicable statute (reenacted and recodified as KRS 304.20–020), the Court held that the "other insurance" exclusionary clause in the policy violated the statute and was therefore void. We determined that the statute plainly requires each policy to contain uninsured motorist coverage and compared such coverage to accident insurance. The effect of the "other insurance" clause in *Siddons* is remarkably similar to the "Combining Limits of Two or More Autos Prohibited" clause before us in the case at bar. In each instance, the applicable policy provision limits insurance liability to recovery upon only one uninsured motorist policy. From the opinion in *Siddons*, the clarity or lack thereof of the "other insurance" clause does not appear to have influenced the Court's decision. Thus, respondent's contention that *Siddons* authorizes an anti-stacking provision if such is clearly stated is mistaken.

In *Stanfield*, an employee sought to stack the uninsured motorist coverage in a fleet policy covering 63 vehicles. Disallowing such attempted stacking, the Court distinguished between a named insured and members of his household on the one hand and a person who was merely an employee authorized to operate the motor vehicle on the other. The Court determined that Stanfield could not stack uninsured motorist coverage under the fleet policy because he was not a named insured, had not paid the premium, and was without any reasonable expectation of coverage. As to his own insurance policies, however, the Court noted that Stanfield bought and paid for the coverage, was a named insured of the first class, and had a reasonable expectation of double coverage. As in the case at bar, Stanfield's uninsured motorist coverage was in a single policy with the same limits for the two vehicles he owned. As is *Siddons*, the *Stanfield* decision was predicated on our interpretation of KRS 304.20–020.

From the foregoing authorities, it is clear that this Court has recognized an inherent difference between liability insurance and uninsured motorist insurance coverage and regarded the latter as personal to the insured. Our interpretation has been based on the language of KRS 304.20–020 and its predecessor as well as the doctrine of reasonable expectations, the continued viability of which was recently underscored in *Simon v. Continental Ins. Co.*, Ky., 724 S.W.2d 210 (1986). Under the doctrine of reasonable expectations, we have held that when one has bought and paid for an item of insurance coverage, he may reasonably expect it to be provided. In *Ohio Casualty Insurance Co. v. Stanfield*, 581 S.W.2d at 559, we said:

> "Stanfield is entitled to stack the uninsured motorist coverages contained in his own Buckeye Union policy. This is consistent with the public policy of our statute requiring the provision of uninsured motorist coverage in each automobile liability policy. He paid separate premiums on separate vehicles. The principle of reasonable expectations supports his right to stack coverages under these facts."

While the policy at issue in *Stanfield* did not contain an anti-stacking provision, the public policy stated therein reaffirms the view expressed in *Siddons* that such provisions are void.

Respondent interprets its insurance policy to require payment of only one uninsured motorist claim regardless of the number of policies or coverages it has written for the insured. From our review of the authorities and with due regard for our public policy, such an interpretation is untenable.

Kentucky law requires an insurance carrier to offer uninsured motorist coverage with every policy insuring a motor vehicle. KRS 304.20–020. Decisional law

declares such coverage to be applicable whether the insured who is injured by an uninsured motorist is driving an insured vehicle, riding as a passenger in another vehicle, or traveling as a pedestrian. *Siddons, supra*, 451 S.W.2d at 832 n. 1. In short, uninsured motorist coverage applies whenever an insured person would be entitled to recover damages but for the uninsured status of the negligent motorist. Despite the foregoing, the policy at issue here contains a provision which limits recovery to only one of the policies bought and paid for. Such additional policies as may exist (two in this case) are thus unavailable and the coverage afforded illusory. What is given with one hand is taken away with the other leaving the insured with one or more policies which pay no benefits.

Prior to concluding this opinion it is necessary to briefly address the decision of the Court of Appeals in *State Farm Fire and Casualty Co. v. Short*, Ky.App., 603 S.W.2d 496 (1980). In *Short*, the policy at issue contained an express limits of liability provision similar to the provision contained herein. The Court of Appeals distinguished our decision in *Ohio Casualty Ins. Co. v. Stanfield, supra*, by the absence of an express exclusion. Notably absent from the Court's decision in *Short*, however, is any citation of *Meridian Mutual Ins. Co. v. Siddons, supra*.

We have reviewed *State Farm Fire and Casualty Co. v. Short*, and are unable to harmonize it with the prior decisions of this Court and our view of public policy. Accordingly, *State Farm Fire and Casualty Co. v. Short* is overruled.

The law is so certified.

COMBS, LEIBSON and VANCE, JJ., concur.

WINTERSHEIMER, J., concurs in result only.

STEPHENS, C.J., dissents by separate opinion in which GANT, J., joins.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent.

I find the dissent of Justice Stephenson in *Stanfield* to be persuasive in this case. As he points out, the doctrine of reasonable expectations is based on the premise that policy language will be construed as the average reader would understand it. That doctrine has no application in the case at bar, where the anti-stacking policy provisions are neither ambiguous nor obscure.

There is nothing in the uninsured motorist statute that mandates the result reached by the majority. The statute, by its terms, requires the provision in every policy of uninsured motorist coverage up to $25,000 per person, or $50,000 per accident. I do not believe the General Assembly intended more than this minimum coverage for each accident involving an individual. The statute requires only that the insured be placed in the same position as he or she would have been if the uninsured motorist tortfeasor had carried the required minimum limits of coverage. That means the movants here are entitled to $25,000, the amount they recovered from Allstate. When the movants paid for three *separate* premiums, they were entitled to *separate* coverage. To give them more is to ignore the plain language of their contract.

I would enforce the policy provisions as they are written and deny stacking.

GANT, J., joins this dissenting opinion.