CAPITAL ENTERPRISE INSURANCE
COMPANY, Appellant/Cross–Appellee,

v.

KENTUCKY FARM BUREAU MUTUAL
INSURANCE COMPANY,
Appellee/Cross–Appellant.

Nos. 90–CA–792–MR, 90–CA–852–MR.

Court of Appeals of Kentucky.

Feb. 22, 1991.

Gary D. Garrison and Edward H. Bartenstein, Louisville, for appellant/cross-appellee.

Patricia A. Abell, Carl D. Frederick, and Henry V. Sanders, Louisville, for appellee/cross-appellant.

Before DYCHE, EMBERTON and GUDGEL, JJ.

GUDGEL, Judge:

This is an appeal and cross-appeal from an order entered by the Jefferson Circuit Court. The court adjudged that appellant Capital Enterprise Insurance Company (Capital) was obligated to reimburse appellee Kentucky Farm Bureau Mutual Insurance Company (Farm Bureau) for basic reparation benefits (BRB) paid by the latter company to one Stanley Williams, a pedestrian who was injured in an accident. On appeal, Capital contends that the court erred (1) by finding that it is liable to Williams for BRB, (2) by finding that Farm Bureau is subrogated to Williams' right to claim BRB from Capital, and (3) by finding that the sum owed by Capital to Farm Bureau was overdue and that Capital's denial of the reimbursement lacked reasonable foundation, thereby entitling Farm Bureau to an award of interest. On cross-appeal, Farm Bureau contends that the court erred by failing to award it reasonable attorneys' fees in addition to interest. We agree with Capital's contention regarding the award of interest, but disagree with the parties' remaining contentions on both the direct appeal and the cross-appeal. Hence, we affirm in part and reverse in part.

On June 3, 1988, pedestrian Stanley Williams was struck by two vehicles which were traveling on Hill Street in Louisville. Williams incurred medical expenses in excess of $10,000 as a result of injuries received in the accident.

Although it is undisputed that both vehicles struck Williams, there is a factual dispute regarding the manner in which the accident occurred. Williams contended that he was standing on the sidewalk when he was struck in the left leg by a vehicle which forced him into the eastbound lanes of traffic and then left the scene. Williams claimed that after several cars had passed him, he observed the vehicle of Capital's insured heading for him and "jumped for the hood" in order to avoid being run over.

Terri Kemp, the driver of the second vehicle, testified by contrast that she first observed the white hit-and-run vehicle in front of her applying its brakes and, in order to avoid a collision with the vehicle, moved to the right lane. Before Kemp was even with the white vehicle, Williams struck the hood of her vehicle. Kemp claimed that she had not previously seen Williams.

Since the white vehicle left the scene of the accident, the insurance applicable to that vehicle was never identified. Hence, Williams proceeded to file a claim for BRB with Capital, which was Kemp's insurer. Capital denied the claim on the ground that none of Williams' injuries were causally related to the collision between his person and Kemp's vehicle. Williams then filed a claim for BRB with the Assigned Claims Bureau. The claim was assigned to Farm Bureau, which also initially denied Williams' claim. This action followed. Eventually, Farm Bureau settled with Williams by paying him BRB in the amount of $10,000. Thereafter, the court entered a judgment in favor of Farm Bureau on its cross-claim for reimbursement against Capital. This appeal followed.

■ First, Capital contends that the court erred by finding that it was liable for BRB. We disagree.

Capital's entire argument in this vein is based on the assertion that a pedestrian who has sustained injuries after being struck by two motor vehicles during the course of a single accident has the burden of establishing that the injuries were caused, at least in part, by the vehicle which was insured by the reparation obligor against which the claim for BRB is asserted. However, we find no basis for Capital's argument in the language of the no-fault statute.

The statute provides that "every person suffering loss from injury arising out of maintenance or use of a motor vehicle has a right to basic reparation benefits." KRS 304.39–030(1). Unless optional additional benefits have been purchased, KRS 304.39–140, the maximum amount of BRB payable to any one person as a result of any one accident is $10,000. Since the statute specifically states that this is so regardless of the number of different providers of security which might be obligated to pay such benefits, KRS 304.39–020(2), it is clear that the no-fault statute recognizes that more than one reparation obligor may be primarily liable for the BRB which is payable to a particular claimant. Further, although the statute which fixes priorities among multiple reparation obligors states that in an instance involving a pedestrian, the applicable BRB insurance is that which covers the vehicle which struck the pedestrian, it does not impose a duty on a pedestrian who happens to be struck by two vehicles in a single accident to show that any of the resulting injuries were caused by the particular vehicle which is insured by the reparation obligor against which the pedestrian asserts a claim for BRB. *See* KRS 304.39–050(1). Indeed, KRS 304.39–040(1) specifically provides that BRB shall be paid without regard to fault. In our opinion, in this context the concept of payment without regard to "fault" includes any disputes regarding causation which may arise between multiple reparation obligors primarily liable for BRB. We therefore conclude, pursuant to the statutory mandate set forth in KRS 304.39–040(1), that a pedestrian who shows that injuries resulted from being struck by one or more motor vehicles has a right to claim up to $10,000 in BRB

from any one reparation obligor which issued insurance on any of those motor vehicles. *See* KRS 304.39–050(3). To construe the statute otherwise would encourage fault-based litigation in direct contravention of the policies and purposes of the no-fault statute, including that of prompt payment of benefits to victims of motor vehicle accidents, as set forth in KRS 304.-39–010.[1]

 Next, appellant argues that the court erred by finding that Farm Bureau is subrogated to Williams' right to claim BRB from Capital. We disagree.

Farm Bureau was assigned Williams' claim under the assigned claims plan because the reparation insurance applicable to the hit-and-run vehicle could not be identified, and because Capital, the reparation obligor of the other vehicle involved in the injury-causing accident, rejected Williams' claim for a reason other than that he was not entitled to claim BRB under the no-fault statute. *See* KRS 304.39–160(1)(b) and 304.39–160(1)(d). If, as here, a claim for BRB qualifies for assignment under KRS 304.39–160(1)(d), the reparation assignee is subrogated to all of the claimant's rights against any reparation obligor which is legally obligated to provide BRB to the claimant to the extent that BRB was provided by the reparation assignee. KRS 304.39–160(2). Given our determination above that Williams was legally entitled to recover BRB from Capital, it follows that the trial court did not err by finding that assignee Farm Bureau was subrogated to Williams' rights against Capital for the amount of BRB which Farm Bureau paid to him.

 Finally, appellant contends that the court erred by finding that Farm Bureau was entitled to an award of 18% interest on its claim. We agree.

KRS 304.39–160(2) confers on assignees the right to recover by subrogation the BRB paid by them to injured parties, but it does not specifically confer on them subrogation rights regarding 18% interest or attorney's fees. The statutes which do confer on injured claimants the right to recover 18% interest and attorneys' fees respecting overdue BRB make no comparable provisions regarding reparation obligors which seek statutory subrogation. *See* KRS 304.-39–210 and 304.39–220. The trial court therefore erred by awarding reparation obligor Farm Bureau 18% interest on its claim. For the same reason, we conclude that Farm Bureau's contention on cross-appeal that it was entitled to an award of attorneys' fees lacks merit.

So much of the court's judgment as awards Farm Bureau 18% interest is reversed; the remainder of the court's judgment is affirmed in all respects.

All concur.

---

1. We need not concern ourselves with the issue of whether Capital would be entitled to claim contribution or indemnity from the reparation obligor which insured the hit-and-run vehicle because that company was never identified. We note, however, that section 4(d) of the Uniform Motor Vehicle Reparations Act, unlike the Kentucky statute, specifically provides for contribution among multiple reparation obligors who may be primarily liable to a claimant. Whether a similar result should be reached in Kentucky, based upon general equitable principles, need not be addressed at this time.