STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellant,

v.

Sonya MATTOX, Appellee.

and

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, Appellant,

v.

Joseph T. THOMAS, Appellee.

Nos. 92–SC–577–DG, 92–SC–581–DG.

Supreme Court of Kentucky.

Sept. 30, 1993.

Martha L. Brown, Farmer and Kelley, London, Lee E. Sitlinger, Sitlinger, McGlincy, Steiner & Theiler, Louisville, for appellants.

Richard Hay, Somerset, for appellee, Mattox.

Grover S. Cox, Louisville, for appellee, Thomas.

LAMBERT, Justice.

The issue here is whether separately purchased items of added reparation benefits may be aggregated despite a policy provision by which such is prohibited. Our decision in these cases is not written on a clean slate. We have heretofore considered issues of stacking in *Allstate v. Dicke*, Ky., 862 S.W.2d 327 (1993), *Hamilton v. Allstate Ins. Co.*, Ky., 789 S.W.2d 751 (1990), *Chaffin v. Kentucky Farm Bureau Ins. Co.*, Ky., 789 S.W.2d 754 (1990), *Ohio Casualty Insurance Co. v. Stanfield*, Ky., 581 S.W.2d 555 (1979), and *Meridian Mut. Ins. Co. v. Siddons*, Ky., 451 S.W.2d 831 (1970), and other cases without a direct application here.

The legally significant facts of these cases are identical. In each case, the appellee was injured in a motor vehicle accident while being covered by two or more policies of added reparation benefits. After payment of basic reparation benefits and payment pursuant to one item of added reparation benefits, appellees sought to recover under additional items of added reparation benefits, but their

claims were denied on grounds of policy provisions which prohibited stacking. As with the facts, the decisions of the courts below are likewise identical. In *State Farm v. Mattox,* 92–SC–577–DG, the Pulaski Circuit Court granted appellee's motion for summary judgment and the Court of Appeals affirmed. In *State Farm v. Thomas,* 92–SC–581–DG, the Jefferson Circuit Court granted appellee's motion for summary judgment and the Court of Appeals, relying on *Mattox,* affirmed.

■ At the outset, it should be noted that these cases do not deal with basic reparation benefits. Appellees have conceded that basic reparation benefits may not be aggregated by virtue of KRS 304.39–050(3). As explained in *Capital Enterprise Ins. Co. v. Kentucky Farm Bureau Mut. Insurance Co.,* Ky.App., 804 S.W.2d 377 (1991),

> "Unless optional additional benefits have been purchased, KRS 304.390140, the maximum amount of BRB payable to any one person as a result of any one accident is $10,000.... [T]he statute specifically states that this is so regardless of the number of different providers of security which might be obligated to pay such benefits, KRS 304.39–020(2),...." *Id.* at 378.

■ Appellant contends that language in the added reparation benefits statute, KRS 304.39–140(2), which permits the reparation obligor to "incorporate in added reparations benefits coverage such terms, conditions and exclusions as may be consistent with premiums paid" authorizes exclusion of all but one of the added reparation benefits coverages. We answered this contention in *Allstate v. Dicke, supra,* by observing that similar "terms and conditions" language did not authorize elimination of an item of coverage which was required by statute to be written upon request. As with underinsured motorist coverage which must be written if requested, KRS 304.39–140(1) requires each reparation obligor to provide added reparation benefits if requested. The elimination of an item of coverage which the statute requires to be written upon request is vastly beyond the statutory authorization with respect to terms, conditions and exclusions.

■ The only issue which remains, therefore, is the central question addressed in *Hamilton* and *Chaffin.* As with the foregoing cases and *Allstate v. Dicke,* in the instant case, one or more items of coverage which the insureds had acquired pursuant to a statutory right was excluded by the terms of the policy. In *Chaffin,* we explained that with insurance which is personal to the insured for which a separate premium is paid, there arises a reasonable expectation of coverage, the exclusion of which is prohibited by public policy. We are unable to rationally distinguish between the statutory and contractual structure of added reparation benefits and underinsured motorist coverage as in *Dicke* and uninsured motorist coverage as in *Hamilton* and *Chaffin.* In each instance, the coverage is indeed personal to the insured in that it applies to any motor vehicle injury. The similarity continues by virtue of payment of separate premiums, the manifest desire of the insured for extra protection, and the reasonable expectation that it will be provided.

We affirm.

COMBS, LEIBSON, REYNOLDS and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., dissents by separate opinion.

SPAIN, J., dissents by separate opinion in which STEPHENS, C.J., joins.

STEPHENS, Chief Justice, dissenting.

Respectfully, I dissent for the reasons stated in *Hamilton v. Allstate Ins. Co.,* 789 S.W.2d 751 (1990).

SPAIN, Justice, dissenting.

Respectfully, I dissent. The basic issue in these two cases is the same as that decided in *Allstate Insurance Company v. Janet Dicke,* also rendered this day and from which I also dissented. I feel in these cases, as I did in *Allstate v. Dicke,* that there is no public policy in Kentucky as recognized or enunciated by the General Assembly prohibiting an insurance company from writing an anti-stacking provision in an automobile insurance policy regarding coverages other

than uninsured motorist (UM) coverage. The Majority in these cases and in *Allstate v. Dicke* holds, however, that the same public policy announced in *Meridian Mutual Insurance Company v. Siddons*, Ky., 451 S.W.2d 831 (1970), and its progeny with regard to UM coverage should apply with equal force to underinsured motorist coverage and added reparation benefits (added RB) coverage. In both of the cases at hand, the appellant, State Farm Mutual Automobile Insurance Company, had issued policies of automobile insurance including added reparation benefits over and above the basic reparation benefits mandated by KRS 304.39–050. The policies all state:

> Subject to items 1 and 2, if any no-fault coverage applies, the total limit of liability under all such policies shall not exceed that of the policy of the highest limit of liability ...

Notwithstanding this limitation on liability, the Majority now holds that the insureds may recover added reparation benefits equal to the total of all policy limits added together. In other words, the Thomas family could recover up to $60,000 in added RB because they had a policy on each of three cars in the family providing up to $20,000 each. Similarly, the Mattoxes would be entitled to $40,000 in added RB because they had policies on two vehicles. I simply cannot accept the premise of the Majority that these families had a "reasonable expectation" that this could ever happen.

The language of KRS 304.39–140–(2) provides that:

> Each basic reparation obligor shall be permitted to incorporate in added reparation benefits coverage such terms, conditions and exclusions as may be consistent with premiums charged ...

I do not read in this provision any legislative pronouncement of public policy mandating the inclusion of added RB coverage. On the contrary, I read the language as clearly providing that the insurer and insured can reach agreement on this as in any other contract. If this is so, then there is no doubt in my mind that State Farm was free to prohibit stacking of added RB coverages.

I would reverse the lower courts and direct that the policy provisions agreed to by the parties be upheld.

STEPHENS, C.J., joins this dissenting opinion.