Suzanne JETT, Appellant,

v.

John DOE and Kentucky Farm Bureau
Mutual Insurance Company, Appellees.

Supreme Court of Kentucky.

April 22, 1977.

Bernard S. Ritchie, Jr., Schaefer & Airhart, Louisville, for appellant.

Thomas E. Harris, Lexington, for appellee Kentucky Farm Bureau Mut. Ins. Co.

CLAYTON, Justice.

Appellant, Suzanne Jett, was a named insured of the appellee, Kentucky Farm Bureau Mutual Insurance Company, and among other automobile liability insurance coverages was afforded uninsured motorist protection by an endorsement attached to her policy. Included within the term "uninsured motorist" was an unidentified driver of a hit-and-run automobile, which was defined by the policy as ". . an automobile which causes bodily injury to an insured arising out of physical contact of such automobile with the insured or with the automobile which the insured is occupying at the time of the accident . . .", so that before there could be insurance coverage for damages involving a hit-and-run vehicle under the policy's uninsured motorist endorsement, there must have actually been a "hit". This is a standard form provision found in automobile liability policies nationwide whose purpose has been stated by the various state and federal courts addressing it to be one of protecting the insurer from fraudulent claims arising in cases where the insured's injuries are the result of his own negligence, without the intervention of any other vehicle, although it is alleged that the accident was caused by an unidentified vehicle which immediately fled the scene. Annot., 25 A.L.R.3d 1299, 1302 (1969).

On the morning of April 3, 1973, appellant was traveling west on Old Frankfort Pike in Woodford County, Kentucky, when an approaching automobile traveling at a high rate of speed in her lane of traffic forced her to swerve from the roadway. By so doing, she succeeded in avoiding contact with the oncoming car but was caused to lose control of her own vehicle, crashing into a number of roadside trees and striking an auto driven by Mary Kay Keeton. The vehicle appellant evaded did not stop at the scene and has since remained unidentified.

Appellant sustained injuries to her face, head and body as a result of the mishap and brought suit for $27,500 claimed in damages, naming her insurer and the unknown motorist, John Doe, as defendants. Farm Bureau subsequently moved to dismiss the complaint as to it for failure to state a cause of action, claiming that since the unknown defendant did not come into contact with appellant's car, the policy's uninsured motorist provisions did not apply. In her response to this motion, appellant conceded that there had been no physical contact between her car and that of the unknown defendant, filing affidavits to that effect sworn by herself and by the occurrence witness. She argued, however, that the "physical contact" requirement is an unreasonable restriction and is inapplicable where, as here, the accident is witnessed by an impartial observer who attests that it resulted from the actions of an unidentified vehicle. The court below treated the motion to dismiss as a motion for summary judgment, ruling in favor of Farm Bureau. This appeal results from that judgment, requiring that we determine whether an insurance company can contractually restrict those portions of its uninsured motorist coverage defining a "hit-and-run" vehicle to situations in which there is physical contact between the insured or the vehicle he is occupying and the unidentified "hit-and-run" automobile. We answer this question in the affirmative.

Although dictum in *Ogden v. Employers Fire Insurance Company*, Ky., 503 S.W.2d 727 (1973), may suggest to the contrary, we have not previously squarely faced the issue presented here. For this reason, we have sought guidance from the case authority of other jurisdictions, only to find these decisions to be of minimal assistance due to the wording of the Kentucky uninsured motorist statute, KRS 304.20–020. An examination of that statute reveals that although insurers are required by it to provide uninsured motorist coverage, there is no requirement that coverage against loss caused by hit-and-run vehicles

be afforded. Moreover, the statute recognizes by its language "subject to the terms and conditions of such coverage" contained in subsection (2), that insurers may insert restrictions in their policies' provisions defining what is an "uninsured motor vehicle". The matter herein is thus a purely contractual issue between the insurer and its insured which we cannot disturb. By issuing an automobile liability policy providing for uninsured motorist coverage in hit-and-run cases, even though such coverage be subject to the restriction under consideration here, the insurer is providing coverage greater than that required by KRS 304.20–020. The insurer, in affording this additional coverage, has the right to require whatever conditions precedent to such protection as it sees fit, and once such a condition is clearly expressed in the policy and agreed upon by the parties, the courts must give it full force and effect and abstain from making a new or different contract under the guise of interpretation at the instance of a disappointed party. *Mullins v. National Casualty Company*, 273 Ky. 686, 117 S.W.2d 928 (1938). In bringing a claim under the hit-and-run provision here, it was incumbent upon the insured to bring herself within its requirements. This the appellant admits she has not done. We therefore must conclude there to have been no error in the circuit court's judgment denying coverage.

The judgment is affirmed.

All concur.