**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant,**

v.

**Lucy D. MITCHELL et al., Appellees.**

Supreme Court of Kentucky.

June 10, 1977.

Lee E. Sitlinger, Jr., Hogan, Taylor, Denzer & Bennett, Louisville, for appellant.

F. Thomas Conway, Stephen F. Schuster, Louisville, for appellees.

PER CURIAM.

State Farm Mutual Automobile Insurance Company appeals from a judgment entered on a jury verdict awarding Lucy D. Mitchell $5,015.88 in damages for injuries sustained in an automobile accident.

The dispositive issue presented on this appeal is stated as follows: "Is the 'physical contact' requirement in the 'hit and run' clause of the uninsured motorist provision of State Farm's automobile liability policy in conflict with KRS 304.20–020?"

An automobile being driven by Timothy Moran crossed the grass median on Highway I–65 and struck the automobile of Lucy D. Mitchell. Moran testified that a utility truck tried to pull over in his lane of travel, causing him to steer to the left and lose control of his automobile, cross the grass median, and collide with the Mitchell automobile. Moran admitted that there was no physical contact between his vehicle and the truck. Further, no witness observed the presence of this truck at any time before or after the accident.

Mitchell filed an action against Moran and her insurance carrier, State Farm, under the uninsured motorist provision of her automobile liability policy on the theory that the truck came within the purview of a hit-and-run automobile.

The trial court denied State Farm's motion for a summary judgment and submitted the case to a jury. The jury awarded Mitchell $5,573.20 and apportioned the award 10% against Moran and 90% against the "unknown motorist (State Farm)." The judgment entered by the court ordered that Mitchell recover of Timothy Moran $557.32 with interest. The judgment further ordered that Mitchell recover of State Farm $5,015.88 with interest.

In the course of the trial, State Farm moved for a directed verdict at the close of the plaintiff's evidence and again at the conclusion of all the evidence. State Farm also moved for a judgment notwithstanding the verdict or, in the alternative, a new trial. All of these motions were overruled.

Moran admitted that there was no "physical contact" between his automobile and

the utility truck. The uninsured motorist provisions of the policy of insurance issued by State Farm to Mitchell extended coverage to a "hit-and-run automobile as defined." Such vehicle was defined as follows:

"Hit-and-run automobile means a land motor vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with an automobile which the insured is occupying at the time of the accident, provided: (1) there cannot be ascertained the identity of either the operator or owner of such 'hit-and-run automobile';
* * * "

This court's recent opinion in *Jett v. John Doe and Kentucky Farm Bureau Mutual Insurance Company*, Ky., 551 S.W.2d 221, decided April 22, 1977, concluded that a "physical contact" requirement in the "hit-and-run" clause of the uninsured motorist provision of an automobile liability policy is not in conflict with KRS 304.20–020.

Suzanne Jett was forced off the road by an automobile that neither stopped nor came into "physical contact" with her automobile. The ensuing damage was the direct result of the negligence of the driver of the oncoming motor vehicle. Lucy D. Mitchell's automobile was damaged when it collided with one driven by Timothy Moran. There was physical contact between the Mitchell and Moran vehicles. However, it is admitted that the utility truck which triggered the chain of events did not come into physical contact with the Moran vehicle. This being true, did the physical contact between the Mitchell and Moran vehicles satisfy that requirement of the "hit-and-run" clause of the uninsured motorist policy?

The majority rule in this respect holds that where an unknown hit-and-run motorist strikes a third vehicle, which in turn strikes the insured vehicle, there is "actual physical contact" within the meaning of the contractual requirements contained in an uninsured motorist policy. *State Farm Mutual Automobile Insurance Company v. Carlson*, 130 Ga.App. 27, 202 S.E.2d 213

(1973); *Louthian v. State Farm Mutual Insurance Company*, C.A. 4th Cir., 493 F.2d 240 (1973). See also *Motor Vehicle Accident Indemnification Corporation v. Eisenberg*, 18 N.Y.2d 1, 271 N.Y.S.2d 641, 218 N.E.2d 524 (1966).

This court is of the opinion, nevertheless, that where there has been no actual physical contact between the hit-and-run vehicle itself and either the insured vehicle or the intermediate vehicle, the "physical contact" requirement of the hit-and-run clause of the uninsured motorist policy under consideration in this case has not been met.

The judgment against State Farm Mutual Automobile Insurance Company is reversed.

All concur.