**Allen L. BELCHER, Movant,**

v.

**TRAVELERS INDEMNITY COMPANY, Respondent.**

No. 87–SC–327–DG.

Supreme Court of Kentucky.

Dec. 17, 1987.

William R. Garmer, Savage, Garmer & Elliott, P.S.C., Lexington, for movant.

Linda M. Hopgood, Clark Ward & Hopgood, Lexington, for respondent.

STEPHENSON, Justice.

Allen Belcher was injured in a chain reaction accident on I–75 at Clay's Ferry Bridge in Fayette County. An unidentified car, two vehicles in front of Belcher, came to a complete stop on the bridge. Belcher, the vehicle in front of him, and the two behind him likewise stopped. A tractor trailer rig which was three vehicles behind Belcher, however, struck the car in front of it. This caused a chain reaction collision between all the vehicles except the one which initially stopped on the bridge. None of the cars listed in the accident report, including Belcher's, ever came in contact with the first car. Further, because this vehicle drove away after the collision it was never identified.

Belcher filed a claim with his insurance company, Travelers Indemnity Company, seeking recovery under the uninsured motorist portion of his policy. Travelers refused the claim based on a hit-and-run provision of Belcher's policy which requires

*physical contact* with the vehicle causing the injury. Specifically, the policy states:

Uninsured motor vehicle means a highway vehicle or trailer of any type; and which is a hit and run *highway vehicle,* if neither the driver nor the owner can be identified, which causes bodily injury to an *insured* by physical contact with the *insured* or a vehicle *occupied* by the *insured.*

Suit was eventually filed by Belcher in Fayette Circuit Court. However, Travelers was granted summary judgment. The Court of Appeals affirmed on the basis of *Jett v. Doe,* Ky., 551 S.W.2d 221 (1977), and *State Farm Mutual Auto Insurance Company v. Mitchell,* Ky., 553 S.W.2d 691 (1977), which held that the physical contact requirement in the hit-and-run clauses is not in conflict with the uninsured motorist statute. We granted discretionary review and now affirm.

In *Jett v. Doe,* supra, we were confronted with a situation nearly identical to the one at bar. The appellant therein, Suzanne Jett, sought to recover under the uninsured motorist portion of her policy even though she had no physical contact with the hit-and-run car that caused her injuries. Arguing that she should not be bound by the terms of her policy which required physical contact, Jett reasoned that the "physical contact" requirement was an unreasonable restriction. The obvious reason for requiring "contact," it was noted, is to prevent fraud. In Jett's case, however, this reason did not apply because the accident was witnessed by others.

The court concluded in *Jett* that the insurance policy provisions are purely contractual matters between the insurer and its insured. KRS 304.20–020, the uninsured motorist statute, the court pointed out, requires insurers to provide uninsured motorist coverage. Coverage against loss caused by a hit-and-run vehicle, however, is not required. The court stated that "by issuing an automobile liability policy providing for uninsured motorist coverage in hit and run cases, even though such coverage be subject to the restriction under consideration here, the insurer is providing

coverage greater than required by KRS 304.20–020." *Id.* at 223.

Finding no new arguments made in the case at bar, we see no reason to contradict the holding in *Jett.* Clearly, insurance companies require "physical contact" with an unidentified car to protect themselves against fraud. Without such a requirement, insureds could damage their own car and recover, claiming fault with some third party. It is our opinion that insurance companies have the right to restrict the coverage they offer beyond KRS 304.20–020 to protect themselves against such fraudulent claims.

We also note that the argument that the "physical contact" provision should be void as against public policy when witnesses are present is without merit. For a "physical contact" provision to be void as against public policy, it must be generally against the public interest. Here, Belcher encourages this court to adopt a holding that the physical contact requirement is against public policy only in certain situations. Such a case-by-case analysis would distort the law in this area. In referring to contract provisions, *Forbes v. City of Ashland,* 246 Ky. 669, 55 S.W.2d 917, 919 (1932), recognized that:

... validity is determined by its general tendency at the time it is made, and, if this is opposed to the interests of the public, it will be held invalid, even though the intention of the parties was good and no injury to the public would result in the particular case. The test is the evil tendency of the contract and not its actual injury to the public in a particular instance.

Under this logic, we hold that a contract provision is either against public policy or it is not. The "physical contact" provision in Belcher's policy, therefore, cannot be against public policy only when witnesses are available.

This court finds that insurance contracts are like any other contracts in that they are voluntarily entered into by the parties. Travelers had good reason to require "physical contact" in its contract with

Belcher. Likewise, Belcher agreed to this limitation on his insurance coverage.

Since this contract provision was thereby agreed to by both parties and is not void as against public policy, the contracting parties are bound by it. Ultimately, Belcher cannot recover from Travelers under his policy because he had no physical contact with the unidentified car that caused his injuries.

The decision of the Court of Appeals is affirmed.

STEPHENS, C.J., and GANT, VANCE and WINTERSHEIMER, JJ., concur.

LEIBSON, J., dissents and files a separate dissenting opinion in which LAMBERT, J., joins.

LEIBSON, Justice, dissenting.

Respectfully, I dissent.

The term "uninsured motorist" is undefined in the statute. It should be given a broad interpretation to effect obvious legislative policy. An offending unidentified vehicle, verified by disinterested witnesses and physical circumstances, should be presumed uninsured unless the contrary is shown.

In Widiss, *Uninsured and Underinsured Motorist Insurance*, § 9.6, "The physical contact requirement: Limitations on the effect of the requirement," the author states:

"Many judges and writers have concluded that *the physical contact requirement should be* further relaxed or *eliminated* when evidence from completely disinterested witnesses is available to document the cause of the accident." (Emphasis added.)

Supporting cases and authorities are footnoted therein. Seventeen states where the issue has come up, cited in the Movant's Brief, extend statutory coverage in the present situation. So should we.

Since uninsured motorist coverage was first enacted in 1970, the legislature has further demonstrated a policy of providing accident victims statutory coverage by the Motor Vehicle Reparations Act (MVRA), which adds no-fault and underinsured motorist coverage. This should give us pause to reevaluate our thinking in *Jett v. Doe*, Ky., 551 S.W.2d 221 (1977), which was never really sound in the first place.

The underlying reasoning upholding the physical contact requirement expressed in *Jett* was that an insurance company had a right to protect against fraud or collusion. The reason is simply meaningless in cases where there is independent corroboration to prove that an unknown motorist caused the accident. To carry out the statutory purpose, the undefined statutory term, "uninsured motorist," should be interpreted to include an unknown motorist in these circumstances. The reasoning in *Jett* is indefensible and the case should be overruled.

Further, in the present case the policy exclusion is significantly ambiguous, being for "hit and run vehicles," not specifically for "unidentified vehicles." The offending vehicle here was unidentified, but not a "hit and run" vehicle. The "reasonable expectations" of the insured from the policy language would be that an "unidentified" vehicle would be covered even if a "hit and run" vehicle was not. *Cf. Cincinnati Ins. Co. v. Vance*, Ky., 730 S.W.2d 521 (1987).

LAMBERT, J., joins in this dissent.