**INTERSTATE INSURANCE GROUP,**
Plaintiff–Appellee,

v.

**Jason MUSGROVE; Deloris Musgrove,**
Defendants–Appellants.

No. 00–5181.

United States Court of Appeals,
Sixth Circuit.

April 3, 2001.

Before KENNEDY and
SUHRHEINRICH, Circuit Judges;
GAUGHAN,* District Judge.

---

\* The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

1.  Musgrove explains that he answered "no" because although a previous home had

KENNEDY, Circuit Judge.

Defendants-appellants Jason and Deloris Musgrove obtained an insurance policy issued by plaintiff-appellee Interstate Insurance Group. After investigation of a claim filed by defendants, plaintiff filed suit seeking a declaratory judgment that the policy was void as a result of misrepresentations made by defendants during the application and claim presentation processes and that plaintiff was not obligated to pay defendants for their claimed loss. The district court granted plaintiff's motion for summary judgment. Defendants now appeal, alleging that genuine issues of material fact preclude summary judgment. For the reasons stated below, we affirm the district court's grant of summary judgment in favor of plaintiff Interstate, based on defendant Jason Musgrove's false statements made during the claim presentation process.

I.

The district court reviewed and summarized the underlying events in this case as follows:

On April 30, 1997, Jason and Deloris Musgrove sought a home insurance policy from Prather Insurance Agency in Somerset, Kentucky. With the assistance of insurance agent Elizabeth Compton, Mr. Musgrove (Musgrove) completed an application for insurance through Interstate Insurance Group. Compton read to Musgrove a series of questions printed on the application form and marked his answers on the form. The fourth question asked: "Any prior losses to applicant or this dwelling?" Musgrove answered "no." [1]

burned, the dwelling was rented. Despite the fact that he made a $6500 insurance claim because of the fire, Musgrove reasoned that the loss was not his.

After Compton completed the questions on the defendants' behalf, Musgrove signed the application form in Compton's presence. The insurance policy obtained by the defendants through the plaintiff stated:

The entire policy will be void if, whether before or after a loss, an "insured" has

a. Intentionally concealed or misrepresented any material fact or circumstance;

b. Engaged in fraudulent conduct; or

c. Made false statements;

relating to this insurance.

Two months after the policy became effective, the defendants' home sustained a fire loss. To investigate and adjust the defendants' claim, the plaintiff retained Jim Antil of GAB Business Services, Inc. During a recorded interview, Musgrove informed Antil that he had never before experienced a fire loss. He also stated that neither he nor anyone in his family, including his wife and daughter, had ever made an insurance claim.

The plaintiff also retained INS Investigation Bureau, located in Indianapolis, Indiana.[2] Senior INS investigator Franklin Tom Charles was asked to investigate the fire's cause and origin. In response to Charles's questions, Musgrove again denied that he had experienced any previous fire loss.

As part of its investigation of the defendants' claim, the plaintiff exercised its contractual right to request that Musgrove submit to an examination under oath. During the examination, Musgrove admitted that, contrary to prior representations, he had sustained a fire loss in 1995. Due to this loss, he had made a $6500 contents claim through Kentucky Farm Bureau. Musgrove also acknowledged an insurance claim arising from a 1995 car accident involving his wife in Cleveland, Tennessee. The claim was made through a renter's policy. Finally, Musgrove acknowledged that his daughter sustained fire losses in 1992 and 1995, both resulting in insurance claims.

(Dist.Ct.Op. J.A. 12–14.) Plaintiff filed a motion for summary judgment seeking a declaration that it was not obligated to pay benefits to defendants. Specifically, plaintiff asserted that the policy was void because (1) defendants made false statements during the application process, and (2) defendants made false statements during the presentation of their claim for benefits. The district court agreed and granted plaintiff's motion for summary judgment. Defendants now appeal, alleging that genuine issues of material fact exist which preclude summary judgment.

## II.

Defendant Jason Musgrove provided false answers to questions asked during the application process for the insurance policy and during the presentation of their claim. Although the district court evaluated the application process questions and answers and concluded that defendant's false answers during the application process constituted sufficient reason to deny benefits, we decline to reach a judgment as to the application questions because we are able to reach a sufficient holding based solely on the claim presentation activity.

Under Kentucky law, the rights of parties to an insurance policy are to be determined exclusively by the terms of the policy, unless contrary to existing law or

---

**2.** The INS Investigation Bureau is now doing business as Engineering and Fire Investiga-

tions.

public policy. The state supreme court has held that "an insurance policy is a contract, and insofar as it does not contravene the law any recovery against the insurance company is governed solely by its terms." *State Farm Mutual Ins. Co. v. Fireman's Fund American Ins. Co.*, 550 S.W.2d 554, 557 (Ky.1977). "The terms of an insurance policy are held to be enforceable as written absent a statute to the contrary." *Masler v. State Farm Mutual Automobile Ins. Co.*, 894 S.W.2d 633, 636 (Ky.1995).

As reviewed above, the insurance policy issued by plaintiff Interstate to defendants stated, in part that, "[t]he entire policy will be void if, whether before or after a loss, an 'insured' has ... [m]ade false statements[ ] relating to this insurance." (J.A. 48.) It is undisputed that defendant made false statements to the claim adjustor during the investigation of his claim. Mr. Antil, the claims adjustor, had the following conversation with Musgrove:

Q. Okay, um, Have you ever had a fire loss before?

. . .

A. No, sir.

Q. Have you ever made an insurance claim before?

A. No, sir.

Q. Has anybody in your family uh wife or daughter, made an insurance claim before?

A. No.

(J.A. 45–46.) Contrary to these answers, however, defendants in fact suffered a prior fire loss and filed a claim for $6500, defendants filed a prior insurance claim arising out of a car accident involving Mrs. Musgrove, and defendants' daughter had two prior fire losses resulting in insurance claims. Defendant "made false statements relating to the insurance" after his loss, thus voiding the insurance policy under its own controlling terms and relieving plaintiff Interstate of liability.

In response, defendants again allege that plaintiff is estopped from denying coverage because the questions were ambiguous and misleading. These post-claim questions were specific and used simple language, however. For example, in contrast to the question on the application form, here the questions asked about "fire loss" instead of "loss," used the word "before" instead of "prior" and used "insurance claim" rather than "claim." Any reasonable juror would conclude that Musgrove should have known what information was being requested.

We therefore reject defendant's estoppel argument. Musgrove made false statements relating to insurance in response to unambiguous questions. Thus, we conclude that under the terms of the policy, the policy is void and plaintiff is not obligated under it.

### III.

In sum, we affirm the judgment of the district court based on the reasoning in parts B and C of the district court's opinion. We conclude that defendant's answers to questions during the claim presentation process voided the insurance policy and plaintiff is not obligated to compensate defendants under the policy.