**SHELTER MUTUAL INSURANCE COMPANY, Appellant**

v.

**Sallye J. ARNOLD, Appellee.**

**No. 2002–SC–0373–DG.**

Supreme Court of Kentucky.

Aug. 25, 2005.

William S. Bowman, Michael P. Reilly, MacKenzie & Peden, P.S.C., Louisville, KY, Counsel for Appellant.

Robert G. Lohman, Jr., Louisville, KY, Counsel for Appellee.

Opinion of the Court by Justice COOPER.

On March 24, 2000, Appellee, Sallye J. Arnold, was injured in a chain-reaction automobile accident involving three vehicles: one driven by Arnold, another driven by Leonard A. Lee, and a third whose driver immediately left the scene of the accident and has never been located or identified. The accident occurred when the unidentified vehicle struck Lee's vehicle, propelling it into Arnold's vehicle. There was no direct contact between the unidentified vehicle and Arnold's vehicle. Arnold brought this action against Appellant, Shelter Mutual Insurance Company, her personal automobile insurer, seeking to recover under the "hit-and-run" provision of the uninsured motorists (UM) coverage of her policy. That provision provides in pertinent part:

(3) Uninsured motor vehicle means:

. . .

(b) a hit-and-run motor vehicle,

. . .

(4) Hit-and-run motor vehicle means a motor vehicle whose owner or operator cannot be identified and which *hits* the insured or a motor vehicle the insured is occupying.

(Emphasis added.)

The Jefferson Circuit Court entered summary judgment in favor of Shelter. The Court of Appeals reversed, citing the following dictum in *State Farm Automobile Insurance Co. v. Mitchell*, 553 S.W.2d 691 (Ky.1977):

The majority rule in this respect holds that where an unknown hit-and-run motorist strikes a third vehicle, which in turn strikes the insured vehicle, there is "actual physical contact" within the meaning of the contractual requirements contained in an uninsured motorist policy.

*Id.* at 692. In *Mitchell*, however, the unknown motorist did not strike the vehicle that struck the plaintiff's vehicle; thus, there was no coverage.

[W]here there has been no actual physical contact between the hit-and-run vehicle itself and either the insured vehicle or the intermediate vehicle, the "physical contact" requirement of the hit-and-run clause of the uninsured motorist policy under consideration in this case has not been met.

*Id.* Presented with the additional fact that was absent in *Mitchell*, we now adopt the majority rule.

■■ The UM statute, KRS 304.20–020, does not require insurers to provide coverage for hit-and-run accidents. *Jett v. Doe*, 551 S.W.2d 221, 222–23 (Ky.1977). However, "individual insurers may, by contractual definitions, provide coverages and terms and conditions in addition to those required by statute." *Burton v. Farm Bureau Ins. Co.*, 116 S.W.3d 475, 478 (Ky. 2003). As noted in *Burton*, virtually every policy of automobile liability insurance includes a "hit-and-run" vehicle within its definition of an "uninsured motor vehicle;" but virtually every such provision also requires as a condition of coverage either "physical contact" or a "hit" between that vehicle and the insured or the insured vehicle. *Id.* (We perceive no conceptual distinction between policies that require "physical contact" and those that require a "hit.") We have consistently held that the "physical contact" condition is a valid requirement. *Id.* at 477 (citing *Masler v. State Farm Mut. Auto. Ins. Co.*, 894 S.W.2d 633 (Ky.1995); *Belcher v. Travelers Indem. Co.*, 740 S.W.2d 952 (Ky.1987); *State Farm Mut. Auto. Ins. Co. v. Mitchell*, 553 S.W.2d 691 (Ky.1977); *Jett*, 551 S.W.2d 221; *Huelsman v. Nat'l Emblem Ins. Co.*, 551 S.W.2d 579 (Ky.App.1977)). Its purpose is to protect the insurer from

having to defend against potentially fraudulent claims "arising in cases where the insured's injuries are the result of his own negligence, without the intervention of any other vehicle, although it is alleged that the accident was caused by an unidentified vehicle which immediately fled the scene." *Jett*, 551 S.W.2d at 222; *see also Belcher*, 740 S.W.2d at 953.

■ The issue now before us is whether the "hit" requirement in Shelter's definition of a "hit-and-run motor vehicle" is satisfied when a hit-and-run motorist hits an intermediate vehicle causing it to hit the insured vehicle. We hold that it is. The fact situation here is conceptually the same as if the hit-and-run motorist had first struck a stationary object, such as a road sign, driving the sign forward into Arnold's vehicle, and causing the sign to interpose itself between her vehicle and that of the tortfeasor, preventing the sort of intimate and literal "physical contact" urged by Shelter. Such a scenario has been held to constitute "physical contact." *Progressive Cas. Ins. Co. v. Mastin*, 4 Ohio App.3d 86, 446 N.E.2d 817, 819 (1982). In both that scenario and the situation that occurred in this case, there might have been no technical physical contact between the hit-and-run vehicle and the insured vehicle, but the hit-and-run vehicle initiated the force that ultimately struck the insured vehicle. We hold that an indirect "hit" resulting from a chain-reaction accident initiated by a "hit-and-run" motorist satisfies the "hit" requirement of Shelter's definition of a "hit-and-run motor vehicle."

*Accord Louthian v. State Farm Mut. Ins. Co.*, 493 F.2d 240, 242 (4th Cir.1973) ("[T]he rationale for requiring proof of physical contact is satisfied.... The vehicle which made actual contact with [the insured] automobile in this case was a mere involuntary intermediary."); *State Farm Mut. Auto. Ins. Co. v. Spinola*, 374 F.2d 873, 874 (5th Cir.1967); *Anderson v. State Farm Mut. Auto. Ins. Co.*, 133 Ariz. 464, 652 P.2d 537, 540 (1982) ("[T]he injuries were the result of physical (albeit indirect) contact with the hit-and-run vehicle. Where force has been exerted from an unidentified vehicle through an intermediate object and where this fact may be verified in such a way to provide safeguards against fraud, ... the physical contact requirement of the policy has been satisfied."); *Inter–Insurance Exch. of Auto. Club of S. Cal. v. Lopez*, 238 Cal. App.2d 441, 47 Cal.Rptr. 834, 837 (1966) ("In our view a direct application of force, as by Car X striking Car B and forcing it to hit Car C, qualifies as physical contact within the meaning of the statute."); *State Farm Mut. Auto. Ins. Co. v. Carlson*, 130 Ga.App. 27, 202 S.E.2d 213, 215 (1973); *Hartford Acc. and Indem. Co. v. LeJeune*, 114 Ill.2d 54, 101 Ill.Dec. 876, 499 N.E.2d 464, 466 (1986) ("We decline to amend the policy provision to require that the 'hit' be direct.... [B]ecause a 'hit' must be proved, our decision does not enhance the ability of an insured to blame an occurrence on a 'phantom' motorist."); *Springer v. Gov't Employees Ins. Co., Inc.*, 311 So.2d 36, 40 (La.Ct.App.1975) (However, "the impact must be the result of an unbroken chain of events with a clearly definable beginning and ending, occurring in a continuous sequence."); *Lord v. Auto–Owners Ins. Co.*, 22 Mich.App. 669, 177 N.W.2d 653, 655 (1970) ("It is clear that ever since the time of Sir Isaac Newton man has recognized and lived by certain physical laws of impact and motion.... We find, as did Sir Isaac, that this acceptance of a fundamental property of natural phenomena is the more sensible and consistent view as regards transfer of impact through intermediate objects."); *Allstate Ins. Co. v. Basdeo*, 273 A.D.2d 466, 710 N.Y.S.2d 111, 112 (N.Y.App.Div.2000); *Spaulding v. State Farm Mut. Ins. Co.*,

262 S.C. 95, 202 S.E.2d 653, 654 (1974) (physical contact means "causal physical contact"); *Hoyle v. Carroll,* 646 S.W.2d 161, 163 (Tenn.1983); *Latham v. Mountain States Mut. Cas. Co.,* 482 S.W.2d 655, 657 (Tex.Civ.App.1972); *Johnson v. State Farm Mut. Auto. Ins. Co.,* 70 Wash.2d 587, 424 P.2d 648, 650 (1967) ("Had appellant intended the provision to apply only where there is actual and immediate, as opposed to indirect, physical contact between the hit-and-run vehicle and the vehicle of the insured, it should have so provided in unmistakably clear language."); *Smith v. Gen. Cas. Ins. Co.,* 239 Wis.2d 646, 619 N.W.2d 882, 887 (2000) ("[W]hen physical contact has been applied by an unidentified motor vehicle to an intermediate motor vehicle and then transmitted through to the insured's vehicle, and where this physical contact may be confirmed in such a way as to provide safeguards against fraud, this purpose for the physical contact requirement is satisfied.").

Accordingly, we affirm the Court of Appeals and remand this case to the Jefferson Circuit Court for further proceedings consistent with the content of this opinion.

All concur.