**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant**

v.

**James BALDWIN, Appellee.**

and

**Ronda Reynolds, Appellant**

v.

**Safeco Insurance Company of Illinois, Appellee.**

Nos. 2010–SC–000144–DG, 2010–SC–000665–DG.

Supreme Court of Kentucky.

Aug. 23, 2012.

Robert Barry Cetrulo, Cetrulo & Mowery, P.S.C., Edgewood, KY, Counsel for Appellant State Farm Mutual Automobile Insurance Company.

Charles Estill Bullard, Bullard & Hayes, Ft. Mitchell, KY, Kenneth Sizemore, London, KY, Counsel for Appellee James Baldwin.

David Allen Barber, Paula Gay Richardson, Richardson, Barber & Williamson, PSC, Owingsville, KY, Counsel for Appellant Ronda Reynolds.

David Lee Sage, II, Hummel, Coan, Miller & Sage, Louisville, KY, Counsel for Appellee Safeco Insurance Company of Illinois.

Opinion of the Court by Chief Justice MINTON.

James Baldwin and Ronda Reynolds allegedly sustained injuries in separate highway incidents after objects came loose from unidentified vehicles and collided with their vehicles. A large piece of plastic sheeting flew from an unknown truck and wrapped itself on the front of Bald-

win's vehicle.[1] And, in Reynolds's case, a sheet of ice broke free from an unknown tractor-trailer and struck her vehicle. Both Baldwin and Reynolds sought uninsured motorist (UM) coverage for hit-and-run accidents through their automobile insurance policies. Baldwin's State Farm policy provides coverage when an uninsured motor vehicle "strikes" the insured vehicle. And Reynolds's Safeco policy covers damages when an uninsured motor vehicle "hits" the insured vehicle.

We accepted discretionary review in these consolidated automobile insurance cases to focus upon the limited question of whether Baldwin's and Reynolds's accidents satisfy the impact requirements contained in the UM clauses of their insurance policies. This is a contract issue, which turns on the terms of the specific insurance policies.

Generally, terms in insurance contracts are "interpreted according to the usage of the average man"; and uncertainties and ambiguities are resolved in favor of the insured.[2] But this

> does not mean that every doubt must be resolved against it and does not interfere with the rule that the policy must receive a reasonable interpretation consistent with ... the plain meaning and/or language in the contract. When the terms of an insurance contract are unambiguous and not unreasonable, they will be enforced.[3]

We hold that the "strike" and "hit" requirements in State Farm's and Safeco's UM clauses are satisfied if the uninsured vehicle, or an integral part of it, makes physical contact with the insured's vehicle; or if the uninsured vehicle exerts force upon an intermediate object, which then makes physical contact with the insured's vehicle in a chain-reaction accident.

Here, neither the uninsured vehicles nor integral parts of them struck or hit Baldwin's or Reynolds's vehicles. Nor did the uninsured vehicles cause the tarpaulin or ice to strike or hit the insured vehicles by exerting force upon them. So the impact requirements in the UM clauses of Baldwin's and Reynolds's insurance policies are not met. Because the physical impact condition is a reasonable requirement that insurers use to limit fraud, we will enforce the terms of insurance policies in accordance with their plain meaning.

## I. FACTUAL AND PROCEDURAL HISTORY.

### A. Baldwin.

Baldwin drove his truck on an interstate highway in Kentucky. He alleges that an unknown driver in a flatbed truck was traveling immediately in front of him with a large plastic tarpaulin hanging from the back of the truck's trailer. In his deposition, Baldwin indicated that he believed it was the plastic used in the bottom of the trailer on which to load the freight. The tarpaulin flew from the flatbed truck, catching upon Baldwin's vehicle and wrapping itself on the left-hand side of his truck from the front to the driver's side door and the steps. Baldwin drove to the next truck stop to remove the tarpaulin from his vehicle. As he was dismounting from his vehicle, Baldwin alleges that he slipped

---

1. As explained below, Baldwin allegedly sustained his injuries while exiting his vehicle to remove the tarpaulin.

2. *Kentucky Assoc. of Counties All Lines Fund Trust v. McClendon*, 157 S.W.3d 626, 630 (Ky.2005) (citation omitted).

3. *Id.* (citations and internal quotations omitted).

and fell on the tarpaulin, injuring his back. Baldwin sought UM insurance coverage through his own State Farm Mutual Automobile Insurance Company policy, claiming that his injuries were the result of a hit-and-run accident with an unknown driver. State Farm denied coverage, and Baldwin brought this lawsuit.

The trial court granted State Farm's summary judgment motion. The Court of Appeals reversed the trial court's decision, remanding the case for further proceedings. The Court of Appeals held that "any part of the vehicle, including an object coming off a vehicle, which then impacts the insured's vehicle, satisfies the 'strike' requirement of the UM policy." Accordingly, the Court of Appeals found that the tarpaulin that flew off the unknown motorist's trailer struck Baldwin's vehicle, as required by the UM clause in his insurance policy with State Farm.

We granted discretionary review of the Baldwin case, and we reverse the decision of the Court of Appeals because the trial court properly granted State Farm's motion for summary judgment.

## B. Reynolds.

Reynolds was driving on an interstate highway in Kentucky when a large sheet of ice dislodged from a tractor-trailer and struck her vehicle, injuring her and damaging her vehicle. Reynolds attempted to secure compensation for her damages through the UM coverage in her insurance policy with Safeco Insurance Company of Illinois. Safeco denied her claim, and Reynolds brought suit.

The trial court granted summary judgment in favor of Safeco. On review, the Court of Appeals affirmed the trial court's decision. The court found that because the ice was not intentionally affixed to the vehicle, like the tarpaulin in Baldwin's case, the uninsured vehicle did not "hit" the Reynolds's vehicle as required by the UM clause.

We granted discretionary review of the Reynolds case and consolidated it with Baldwin's appeal. We now affirm the decision of the Court of Appeals on different grounds.

## II. ANALYSIS.

■■■ The question on appeal is whether the trial courts properly granted summary judgment for State Farm and Safeco because the tarpaulin attaching to Baldwin's vehicle and the ice hitting Reynolds's vehicle do not satisfy the impact requirements under the respective UM clauses.[4] "The standard of review on appeal of a summary judgment is whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law."[5] The facts in Baldwin's and Reynolds's cases are undisputed, leaving only a question of law concerning "the construction[,] ... meaning[,] and legal effect"[6] of the UM clauses, which we review de novo.[7]

---

**4.** State Farm also argues that the contact between the plastic sheeting and Baldwin's vehicle did not cause Baldwin's injury, as required by the UM clause. The Court of Appeals did not address this issue because it found unclear whether State Farm presented this issue to the trial court. Although it appears that State Farm did present this issue to the trial court in its motion for summary judgment, we need not address it because we affirm the trial court's grant of summary judgment for other reasons.

**5.** *Coomer v. CSX Transp., Inc.,* 319 S.W.3d 366, 370 (Ky.2010) (citations and internal quotations omitted).

**6.** *Hammons v. Hammons,* 327 S.W.3d 444, 448 (Ky.2010) (citations and internal quotations omitted).

## A. Uninsured Motorist Coverage.

■■■ Uninsured motorist insurance provides coverage for accidents involving motorists who do not carry insurance on their vehicles. Kentucky Revised Statutes (KRS) 304.20–020 gives only a general outline of the required uninsured motorist coverage.[8] This statute does not require insurers to provide coverage for hit-and-run accidents.[9] Hit-and-run coverage is voluntarily provided by insurance companies, who can "specifically define the limit and coverage terms" and "validly restrict, definitionally, the term 'uninsured motorist.' "[10]

■■■ The UM clauses in State Farm's and Safeco's insurance policies require physical contact between the hit-and-run vehicle and the insured vehicle. "The accepted and recognized rationale for the [physical impact] requirement of a [UM] policy when the identity of a hit[-]and[-]run motorist is unknown is to foreclose fraudulent and collusive claims."[11] The requirement "is in accord with public policy rather than against it."[12] And "insurance companies have the right to restrict the coverage they offer beyond KRS 304.20–020 to protect themselves against such fraudulent claims."[13] Even when fraud prevention is not applicable in a specific hit-and-run case because corrob-

orating evidence is available, Kentucky law holds that the physical impact requirement is still a valid contractual provision.[14]

■■■ Because impact requirements are reasonable, the question becomes one of contract interpretation. We must determine whether the terms of the UM clauses in Baldwin's and Reynolds's insurance policies provide coverage for their injuries. In doing so, we keep in mind that "[t]he terms of insurance coverage should not be extended beyond any clear or unambiguous limit."[15]

Baldwin's automobile insurance policy with State Farm includes a UM clause that affords coverage for accidents involving uninsured motor vehicles. *Uninsured motor vehicle* is defined, in pertinent part, as "a 'hit[-]and[-]run' land motor vehicle whose owner or driver remains unknown and which **strikes** ... the insured, or ... the vehicle the insured is occupying and causes bodily injury to the insured."[16]

Reynolds's insurance policy with Safeco also includes a UM clause that provides coverage for damage that Reynolds is "entitled to recover from the owner or operator of an uninsured motor vehicle...." The policy defines *uninsured motor vehicle,* in pertinent part, as "a land motor vehicle or trailer of any type ... [w]hich is a hit-and-run vehicle whose operator or owner cannot be identified and which **hits**

7. *Coomer,* 319 S.W.3d at 371 (citations omitted).

8. *Masler v. State Farm Mut. Auto. Ins. Co.,* 894 S.W.2d 633, 636 (Ky.1995).

9. *Shelter Mut. Ins. Co. v. Arnold,* 169 S.W.3d 855, 856 (Ky.2005) (citation omitted).

10. *Masler,* 894 S.W.2d at 636 (citation omitted).

11. *Id.* at 635.

12. *Id.* at 636.

13. *Belcher v. Travelers Indem. Co.,* 740 S.W.2d 952, 953 (Ky.1987).

14. *Id.* at 953–54 (citations omitted) ("[A] contract provision is either against public policy or it is not. The 'physical contact' provision ..., therefore, cannot be against public policy only when witnesses are available.").

15. *Id.* at 635–36.

16. Emphasis added.

... your covered auto; or ... another vehicle which, in turn, hits ... [y]our covered auto." [17]

## B. The "Strike" and "Hit" Requirements in the UM Clauses are not Satisfied by All Indirect Physical Impacts.

Under the contract terms of Baldwin's and Reynolds's insurance policies, coverage is only provided where the uninsured vehicle "strikes" or "hits," respectively, their vehicles. On appeal, Reynolds contends that when an uninsured vehicle indirectly physically makes contact with the insured vehicle, the physical impact requirement is met. And Baldwin argues that the requirement is satisfied if any part of the uninsured vehicle, especially a part that is intentionally affixed to the vehicle, physically contacts the insured vehicle. So they both claim that the uninsured vehicles indirectly hit their vehicles by virtue of the flying tarpaulin and ice sheet, thereby satisfying the "hit" and "strike" requirements. We disagree.

In *Masler v. State Farm Mutual Insurance*,[18] Masler was injured by a rock that pierced his windshield at the same time that an unidentified truck passed his vehicle.[19] Masler's insurance policy provided coverage for bodily injury caused by accidents arising out of the operation, maintenance, or use of an uninsured motor vehicle that strikes the insured or the insured's vehicle.[20] The Court opined that the strike "requirement means actual, direct, physical contact between the hit[-]and[-]run vehicle, itself, and the in-

sured's vehicle. This Court has chosen not to expand the actual, direct, physical contact requirement to indirect physical contact." [21] So the Court held that the "strike" requirement is not satisfied when an unknown vehicle kicks up a rock in the road that then hits the insured vehicle.

Ten years later, the Court rendered *Shelter Mutual Insurance Company v. Arnold.*[22] In that case, the Court held that the "hit" requirement in a UM policy is satisfied when a hit-and-run motorist hits an intermediate vehicle, causing it to hit the insured vehicle.[23] Although there was no technical physical contact between the unidentified vehicle and the insured vehicle, "the hit-and-run vehicle initiated the force that ultimately struck the insured vehicle." [24]

Contrary to Baldwin's and Reynolds's contentions, Arnold did not overrule *Masler*. When a hit-and-run vehicle causes a chain-reaction accident, it projects a force that inflicts damage upon the insured's vehicle through an intermediate vehicle or object. But when an object that is not an integral part of the uninsured vehicle bounces off the vehicle, comes lose from it, or ricochets off of it, the uninsured vehicle is not projecting a force on the object. It is actually the force of the trailing, insured vehicle that results in the impact. So Arnold does not stand for the proposition that any indirect physical impact satisfies the "strike" or "hit" requirement in a UM clause. And Arnold and *Masler* are consistent with each other.

17. Emphasis added.

18. 894 S.W.2d 633 (Ky.1995).

19. *Id.* at 634.

20. *Id.* at 635.

21. *Id.* (citation omitted).

22. 169 S.W.3d 855 (Ky.2005).

23. *Id.* at 857.

24. *Id.*

## C. Baldwin's and Reynolds's Automobile Insurance Policies do not Provide UM Coverage for their Hit-and-Run Accidents.

The UM clauses in Baldwin's and Reynolds's insurance policies partially define *uninsured motor vehicle* as a land motor vehicle that strikes or hits the insured vehicle. Taking these contract terms and legal precedent into account, we hold that there are three ways to qualify for UM coverage under the "hit" and "strike" requirements of State Farm's and Safeco's insurance policies.

■ First, consistent with *Masler*, UM coverage is available when an uninsured land motor vehicle directly, physically contacts the insured's vehicle.

■ Second, UM coverage is available when an integral part of an uninsured motor vehicle directly, physically contacts the insured vehicle. We reach this conclusion because the policies require a physical impact between the uninsured land motor vehicle and the insured vehicle. And a land motor vehicle is necessarily made up of its integral parts. So the UM clauses encompass both a direct vehicle-to-vehicle accident and an impact between an insured vehicle and an integral part of the unin-

sured vehicle.[25] This is known as the integral-parts test.[26]

The Merriam–Webster Dictionary defines *integral* as "essential to completeness" or "formed as a unit with another part."[27] We find this definition helpful when considering what items are integral to a vehicle. Typically, mechanical parts and factory-installed components are integral to a vehicle because they are essential to the vehicle's completeness or are otherwise formed as a unit with the vehicle. The permanency of an item that is affixed to a vehicle can also bear on whether a part is integral to a vehicle or not. If an item is intended to be permanent, it is likely an integral part of the vehicle.[28]

■ Applying the integral parts test to the accidents at issue, the tarpaulin and ice were not integral parts of the uninsured vehicles. Ice accumulation on a vehicle is a natural occurrence, not a mechanical, factory-installed, or otherwise permanent item. So the ice is not an integral part of the vehicle.

Likewise, there is no evidence that the tarpaulin was a mechanical or factory-installed object on the tractor-trailer. Nor is there evidence that it was a permanent or semi-permanent feature. And there is

**25.** This holding avoids the illogical result, complained of by the Court of Appeals, that "a vehicle could literally disintegrate into pieces while traveling our highways and neither the owner nor operator thereof would bear liability[;] but if all the pieces remained together as a whole[,] then liability would attach."

**26.** Other jurisdictions have adopted an integral parts test. *See, e.g., Allstate Ins. Co. v. Killakey*, 78 N.Y.2d 325, 574 N.Y.S.2d 927, 580 N.E.2d 399, 401 (1991) (" '[P]hysical contact' occurs within the meaning of the statute[ ] when the accident originates in collision with an unidentified vehicle, or an integral part of an unidentified vehicle."); *Progressive Classic Ins. Co. v. Blaud*, 212 Ariz. 359, 132

P.3d 298, 301 (Ariz.Ct.App.2006) ("[A] tire constitutes an integral part of a motor vehicle.... Thus, collision with a tire tread might constitute physical contact with the motor vehicle."). *But see Nationwide Ins. Co. v. Elchehimi*, 249 S.W.3d 430 (Tex.2008) (declining to adopt the integral parts test).

**27.** Merriam-Webster Dictionary (2012).

**28.** We note that in some cases, permanency refers not to the permanency of an individual part, but to the permanency of the function that a part fulfills. For example, tires are integral parts of vehicles because the function they fulfill are essential to the vehicle's completeness, even though individual tires are regularly replaced.

no indication that this was a statutorily required commercial tarpaulin. The evidence on the record conveys only that it was a large, plastic sheet that may have been used in the bottom of the trailer, under the freight. As such, it could be easily removed without damaging the tractor-trailer to which it was attached. Because the plastic sheet and ice were not integral parts of the uninsured vehicles, it cannot be said that the hit-and-run vehicles directly struck or hit Baldwin's or Reynolds's vehicles.

Third, an accident is covered under State Farm's and Safeco's UM clauses if the uninsured vehicle projects a force in a chain reaction accident, as described by *Arnold.* Baldwin and Reynolds do not allege that the uninsured vehicles projected any force upon the tarpaulin or ice sheet that caused the objects to strike their vehicles. Rather, both objects fell or broke off of the uninsured vehicles. So the *Arnold* chain reaction analysis is also inapplicable. And we hold that the UM coverage is not applicable to Baldwin's and Reynolds's hit-and-run accidents.

### III. CONCLUSION.

For the foregoing reasons, we reverse the decision of the Court of Appeals in Baldwin's case and reinstate the judgment of the trial court. And we uphold, on different grounds, the decision of the Court of Appeals in Reynolds's case.

All sitting. ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER, and VENTERS, JJ., concur. SCOTT, J., concurs and states: I concur with my colleagues in this case for reasons that the plastic covering involved herein was not a statutorily required or commercially used tarpaulin.